**P. J. PETERSON, as a member of the Board of County Commissioners of Volusia County, Florida, v. STATE OF FLORIDA, ex rel., PAUL W. HARVEY, Relator.**

28 So. (2nd) 868　　　　　　　　　　　　　　　June Term, 1946
January 10, 1947　　　　　　　　　　　　　　　Division A

*Earnest F. Housholder* and *Fred R. Wilson,* for appellant.

*Charles W. Luther* and *Curtis Basch,* for appellee.

*Horn & Ossinsky* as amicus curiae.

BUFORD, J.:

On April 26, 1946, the State of Florida ex rel. Paul W. Harvey filed its petition in mandamus in the Circuit Court of Volusia County, Florida, for an alternative writ of mandamus

against John H. Graham, P. J. Peterson, M. H. Ryan, Elmer H. Blank and George C. Beck, as and constituting the Board of County Commissioners of Volusia County, Respondents, to require them within a time set by the Court to fix the boundaries of the County Commissioners' Districts in Volusia County, Florida, so that each of them is as nearly as possible equal in proportion to population in compliance with the terms and conditions contained and set forth in Article VIII, Section 5, of the Constitution of the State of Florida as amended, or to show cause to said Court for their refusal so to do.

On April 26, 1946, the Honorable Herbert B. Frederick, Circuit Judge, issued an alternative writ of mandamus directed to the above named parties, as and constituting the Board of County Commissioners of Volusia County, Florida, commanding them to forthwith fix the boundaries of the County Commissioners' Districts of Volusia County, Florida, so as to comply with the constitutional provision mentioned in the petition for the alternative writ, or in default thereof, that they appear before the Court on May 15, 1946, in Chambers at Daytona Beach, Florida, and there show cause why they refuse to do so.

On July 1, 1946, the Respondents filed their return and answer to the alternative writ denying the discrimination against Relator and other citizens of Volusia County, Florida, alleged in the petition, and alleging their efforts to redefine the boundaries of the County Commissioners' Districts, having held several meetings on certain dates therein referred to for the purpose and the adoption of a resolution by which they resolved themselves into a redistricting commission of Volusia County.

On July 16, 1946, the Relator filed a motion for peremptory writ, alleging that the return and answer to the alternative writ did not show that the County Commissioners had fixed the boundaries of the Commissioner's District so that each thereof is as nearly as possible equal as required by the alternative writ, and alleging additional grounds why the peremptory writ should issue.

On August 20, 1946, the Respondents filed their motion for leave to file amendment to their return and answer.

On August 20, 1946, the Respondents filed an amendment to the return and answer to the alternative writ of mandamus, to which was attached a copy of a resolution adopted August 19, 1946, purporting to redefine the boundaries of the County Commissioners' Districts of Volusia County.

On August 20, 1946, the Honorable W. May Walker, Judge pro haec vice, issued his order reciting that the cause came on to be heard upon the motion of Relator for a peremptory writ of mandamus notwithstanding the return and answer of the Respondents filed on July 1, 1946, and that it appeared to the Court that the Respondents on that day filed an amended return and answer to the alternative writ previously issued therein, which said amended return was agreed to be a satisfactory and just compliance with the said alternative writ, by the respective parties to the cause, and that the issuance of the alternative writ was well founded and that peremptory writ should be issued, and said amended return deemed and held to be a full compliance at that time in accordance with the agreement of the respective parties, and his Honor, Judge Walker, ordered that a peremptory writ be issued, and that the said amended return was accepted as a certificate of full compliance with the peremptory writ.

On August 20, 1946, Hon. Jess Mathas, Clerk of the Circuit Court of Volusia County, issued a peremptory writ of mandamus commanding the Respondents, County Commissioners, to forthwith fix the boundaries of the County Commissioners' District of Volusia County, Florida, so that each of them is as nearly as possible equal in proportion to population in compliance with the terms and conditions of Section 5, Article VIII, of the Constitution of the State of Florida.

On October 8, 1946, the appellant, P. J. Peterson, as a member of the Board of County Commissioners of Volusia County, Florida, entered his appeal to the Supreme Court from the above mentioned order of Honorable W. May Walker, awarding the peremptory writ.

On October 16, 1946, appellant filed his assignment of errors, alleging that the Court erred in holding in his said

order of August 20, 1946, that the amendment to return and answer of the Respondents to the alternative writ was deemed and held to be a full compliance with said alternative writ in accordance with the agreement of the respective parties, and that the said amended return was accepted as a certificate of full compliance with the peremptory writ of mandamus issued therein.

The amended return and answer filed August 20th, 1946 was the return and answer of the Board of County Commissioners of Volusia County, composed of John Graham, P. J. Peterson, M. J. Ryan, Elmer H. Blank and George C. Beck, and attached to and made a part thereof was the Resolution of the Board of County Commissioners adopted on the 19th day of August, 1946. The return as heretofore stated was without objection taken and considered as a certificate of compliance with the peremptory writ.

The order entered by Judge Walker as Judge pro haec vice on August 20, 1946, is a follows:

"This cause coming on this day to be heard upon the motion of relator for a peremptory writ of mandamus notwithstanding the return and answer of the respondents, previously filed herein on the first day of July A. D. 1946, and said motion having been argued by counsel for the respective parties, and it appearing to the Court that the said respondents have on this day filed an amended return and answer to the alternative writ previously issued herein, which said amended return is agreed to be a satisfactory and full compliance with the said alternative writ, by the respective parties herein, and it further appearing to the Court that the issuance of said alternative writ is well founded and that a peremptory writ should be issued herein and said amended return deemed and held to be a full compliance therewith in accord with the agreement of said respective parties, it is, therefore,

"CONSIDERED, ORDERED AND ADJUDGED that a peremptory writ be and is hereby ordered issued herein and that the said amended return be and the same is hereby accepted as a certificate of full compliance with said peremptory writ."

On October 8th, P. J. Peterson, as a member of the Board of County Commissioners of Volusia County, entered his notice of appeal in words and figures as follows:

"The defendant, P. J. Peterson, as a member of the Board of County Commissioners of Volusia County, Florida, takes and enters his appeals to the Supreme Court of Florida to review the order of the Circuit Court of Volusia County, Florida, bearing date the 20th day of August, 1946, entered in the above styled cause and recorded in the records of said court in Circuit Court Minute Book 23, page 376, and all parties to said cause are called upon to take notice of the entry of this appeal.

> (s) Ernest F. Householder
> (s) Fred R. Wilson
> Attorneys for P. J. Peterson,
> As a Member of the Board of
> County Commissioners of Volusia
> County, Florida,
> Appellant."

This is the appeal of one member of the Board of County Commissioners and was insufficient to bring the Board of County Commissioners into this Court. H. H. Ryan, J. H. Graham, E. H. Blank and George C. Beck as and constituting a majority of the Board of County Commissioners of Volusia County have filed here their joint motion to dismiss the appeal on the ground that movants had not been made parties to the appeal. This motion was not filed, however, until after the movants had voluntarily appeared here and filed briefs submitting themselves to the jurisdiction of this Court, as appellees. However, this does not settle appellant's right to appeal. The parties to the suit in the court below were The State of Florida, ex rel., Harvey, the Relator, and the members as constituting the Board of County Commissioners of Volusia County, as Respondents. The appeal was not in the name of the Respondent, nor in the name of the relator. The appellant is not shown to have any interest in the judgment other than that of a joint respondent in the performance of official duties which may only be performed by the Board as such, and not by one or even two members, but must be per-

formed by the Board or a majority thereof acting as an official body. So the appeal is not one having an appealable interest in the validity of the judgment.

It appears to be well settled, however, that a party to a cause may not appeal from a judgment which he has sought and caused to be entered, unless the judgment has been so entered that the appellant has sustained some injury by it or is one not authorized by law and can in no way be enforced by legal process. See Williams v. Breitnug, 3 Am. Cases 506, 510; Hale et al. v. Crowell's Administrators, 2 Fla. 534.

In this case the Board of County Commissioners unanimously adopted a resolution which they said in their amended return complied with the writ of mandamus sought and procured by the relator. All parties agreed that it was full and complete compliance and thereupon the court so held. Now the appellant, as a member of the Board of County Commissioners, appeals to this Court and seeks to have reviewed and reversed that order of court holding the return in which he joined his fellow members of the Board, to be a sufficient certificate of compliance with the command of the writ. By the appeal he seeks to attack as false and insufficient the return and certificate of compliance made by him and his joint respondents.

To contend in the lower court that he was joining in a sufficient return and certificate of compliance and when the Court has adjudged such return to be a sufficient certificate of compliance then to be allowed to come into the appellate court to assault that order as erroneous without alleging any fraud, mistake or deception having been imposed on him, would constitute a travesty on our judicial system.

The appeal should be and is dismissed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.