55 So.2d 187 (1951)
KING et al.
v.
BROWN et al.
Supreme Court of Florida, Division B.
November 27, 1951.
*188 Lewis W. Petteway, D. Fred McMullen and Guyte P. McCord, Jr., Tallahassee, Richard W. Ervin, Atty. Gen. and George E. Owen, Asst. Atty. Gen., for petitioners.
David Drucker, Miami, for respondents.
SEBRING, Chief Justice.
N. Richard Brown and Marvin Brown, a co-partnership, doing business as Esquire Tobacco and Gift Shop, filed a sworn bill of complaint against Southern Bell Telephone and Telegraph Company to enjoin it from discontinuing the telephone service it was rendering the plaintiffs. The Attorney General of Florida, the members of the Florida Railroad and Public Utilities Commission, and the Sheriff of Dade County were named as defendants in the suit but no specific relief was sought against either of these defendants. Based upon the allegations of the bill the Circuit Court entered a restraining order temporarily enjoining the telephone company "from the discontinuance of plaintiffs' telephone service at its premises 2028 Collins Avenue, Miami Beach, Florida, conditioned that the plaintiffs promptly apply to the Florida Railroad and Public Utilities Commission for hearing * * *." The defendants, members of the Florida Railroad and Public Utilities Commission, have filed a petition for certiorari in this court naming only the original plaintiffs as respondents and praying that we review and quash the interlocutory order.
We fail to understand what right the members of the Florida Railroad and Public Utilities Commission have to ask for a review of the interlocutory order entered in the cause of which neither the plaintiffs nor the telephone company is complaining. It is the rule that before a person may bring an appeal he must be a party or privy to the record and must show that he is, or will be, injuriously affected by the order sought to be reviewed. Compare Howse & Holloman v. Judson, 1 Fla. 133; Loring v. Wittich, 16 Fla. 323; Ballard v. Kennedy, 34 Fla. 483, 16 So. 327; Witt v. Baars, 36 Fla. 119, 18 So. 330. Such showing has not been made by the petitioners.
Though no objection has been made by the plaintiffs or the telephone company to the propriety of this certiorari proceeding the matter is a vital one of which we must take notice. For any conclusion we might reach with respect to the question posed for adjudication would necessarily affect the interest of parties to the order, who, for aught that appears, have no interest in having the question adjudicated. *189 It follows that the petition for certiorari should be denied.
It is so ordered.
CHAPMAN, ROBERTS and MATHEWS, JJ., concur.