67 So.2d 540 (1953)
CREDIT INDUSTRIAL CO., Limited,
v.
RE-MARK CHEMICAL CO., Inc.
Supreme Court of Florida. Special Division B.
October 13, 1953.
Berger & Snetman, Miami, for appellant.
Feibelman & Friedman, Miami, for appellee.
DREW, Justice.
The plaintiff in the lower court (appellant here) prayed for a decree defining its position with reference to the potential effect, if any, of Chapter 28170, Laws of Florida, Acts of 1953, F.S.A. § 608.01 et seq., upon the present inability of a corporation to interpose the defense of usury with particular reference to a written contract for a financing enterprise, which required, among other things, the defendant corporation to pay to plaintiff interest at a rate in excess of ten per cent per annum. The defendant admitted the material allegations of the complaint and asserted that the contract was to its advantage. Thereupon the plaintiff filed a motion for a summary decree upon the ground that there was no genuine issue as to any material fact.
The Circuit Court granted plaintiff's motion for summary decree by the entry of a final order wholly favorable to plaintiff and fully consistent with the prayer of the complaint. From this final order plaintiff has appealed.
Appellant has filed six so-called "Assignments of Error." A typical example is the first assignment reading as follows:
"1. The Summary Final Decree still leaves in serious doubt and uncertainty the rights of Plaintiff-Appellant under its agreement with Defendant-Appellee, which agreement is attached to the complaint."
The record here plainly shows that appellant complains of no irregularity in the action of the court below but instead seeks affirmance of orders wholly favorable to it. Even if, under the facts alleged in the complaint, relief is not precluded by the recent decision in Ervin v. City of North Miami Beach, Fla., 66 So.2d 235, this appeal must be dismissed for the reasons set out hereafter.
The mode of review or proceedings for declaratory relief is no different than in other actions. Section 87.06, Florida Statutes 1951, F.S.A., reads as follows:
"Review by appeal, etc. All decrees, judgments or orders under this chapter *541 may be appealed to or reviewed by the supreme court of Florida in the same manner as other decrees, judgments and orders."
The general rule on appeal to review proceedings of an inferior court is that a party to the cause may appeal only from a decision in some respect adverse to him. Witt v. Baars, 36 Fla. 119, 18 So. 330; Peterson v. State ex rel. Harvey, 158 Fla. 406, 28 So.2d 868. And this rule applies to appeals in proceedings for declaratory relief. See 16 Am.Jur., Declaratory Judgments, page 341, where it is said: "* * * In accordance with the fundamental rule that to be entitled to appeal a person must be aggrieved by the judgment, an appeal from a declaratory judgment will be dismissed where there is nothing in it prejudicial to the claimed rights of the appellant."
In the case of Maddox v. Giltner, 226 Ky. 578, 579, 11 S.W.2d 426, an action for declaratory decree, the court observed that the judgment appealed from was wholly favorable to appellant, and therefore dismissed the appeal, stating as follows:
"* * * When a litigant succeeds in obtaining all he asks in the trial court having jurisdiction of the cause, he no longer has a grievance to be corrected by an appeal to a reviewing court, whose chief duties are to correct abuses in the trial court, whereby the rights of a litigant were prejudiced and he was thereby deprived of his just dues under the law. When he has no such grievance, he is not entitled by appeal to have the appellate court approve the judgment in his favor."
In the instant case the record shows that the Chancellor's decree gave to appellant all the relief sought in the lower court; it was in all respects favorable to the appellant. Thus is presented a situation clearly within the accepted rule precluding an appeal from a decision favorable to the appellant.
The appeal is therefore dismissed.
ROBERTS, C.J., and THOMAS and BARNS, JJ., concur.