155 So.2d 402 (1963)
Fay S. PAUL, Appellant,
v.
Risa Bonnie KANTER and the Hertz Corporation, Appellees.
No. 62-618.
District Court of Appeal of Florida. Third District.
July 2, 1963.
Rehearing Denied August 13, 1963.
*403 Smith & Mandler, Miami Beach, for appellant.
Knight, Smith, Underwood & Peters and William M. Hoeveler, Miami, for appellees.
Before CARROLL, HORTON, and PEARSON, TILLMAN, JJ.
PER CURIAM.
The plaintiff in a personal injury action appeals a judgment in her favor rendered pursuant to a jury verdict of $2,000. Plaintiff-appellant moved for a new trial and assigned as grounds therefor eight instances in which she charged that the trial judge had erred in rulings upon the admissibility of evidence. The motion was denied and this appeal followed.
Ordinarily, a party may only appeal from a judgment that is adverse to him. See Peterson v. State, 158 Fla. 406, 28 So.2d 868, 870; Credit Industrial Co., Ltd. v. Re-Mark Chem. Co., Inc., Fla. 1953, 67 So.2d 540. An exception is allowed in the instance of the denial of a motion for new trial upon the grounds of inadequacy of the verdict. See Guarria v. State Road Dep't. of Fla., Fla.App. 1960, 117 So.2d 5. One of the firmest principals of appellate procedure is that in order to hold a trial court in error, that trial court must have had an opportunity to rule upon the question presented to the appellate court for review. We find here that the trial court was never presented with the question of the inadequacy of the damages.
If a verdict adequately compensates a plaintiff, justice has been done. If a verdict is inadequate, either because of a failure of the jury to properly assess the damages or the failure of the court to allow the proper evidence for their assessment to be introduced, such a matter must be included in a motion for a new trial.
Affirmed.