PER CURIAM.
The appellants separately filed actions against the driver and the owner of an automobile, for damages for personal injuries alleged to have been proximately caused by negligence of the defendant driver. Liability was admitted, and trial was had on issues relating to damages. Separate verdicts were rendered for the plaintiffs. Judgments were entered thereon and the plaintiffs appealed. Each of the appellants claims insufficiency of the evidence to sustain the verdict and judgment in the amount rendered because of inadequacy of the verdict. No motion for new trial was filed.
In Malec v. Halter, Fla.App.1969, 216 So.2d 782, with regard to necessity for the filing of a motion for new trial, as. a condition for a successful plaintiff to urge inadequacy of a verdict, this court said:
“At common law, the prevailing party plaintiff could not seek review of a favorable verdict. This has been modified in this State by judicial rulings. Paul v. Kanter, Fla.App.1963, 155 So.2d 402; 2 Fla.Jur., Appeals, § 10. A condition permitting a plaintiff [recovering a favorable verdict] to seek appellate review is that a motion for new trial be addressed to the trial court urging inadequacy of the verdict. Guarria v. State Road Department of Florida, Fla.App.1960, 117 So.2d 5; Paul v. Kanter, supra. * * ”
The appellant Olive E. Schmidt made the additional contention that the trial court committed error by failing to charge on aggravation of a pre-existing condition or injury. The trial court concluded, and we agree, that such charge was not indicated on the evidence.
No reversible error having been shown, the judgments are affirmed.