PER CURIAM.
By this appeal, we are called upon to review the correctness of an order confirming a sheriff’s sale of a life estate in a spendthrift trust.
The appellant attacks the order of confirmation upon two grounds: First, that it was error for the trial judge to hold that a beneficiary’s life estate interest in the income from a spendthrift trust was subject to execution and, second, that the price bid at the execution sale was grossly inadequate and, therefore, the trial judge erred in confirming the sale.
As to the first error urged [in ordering the beneficial interest to be sold], we find that the appellant cannot now raise this.issue as it was the subject matter of a prior appeal which was determined adverse to the appellant because of an untimely appeal. See: Bernstein v. Common Markets, Inc., Fla.App.1974, 305 So.2d 321.[1]
Turning to the second error urged [the alleged inadequacy of the bid price], in view of the fact that the beneficiary was 83 years ofage at the time of the sale and in poor health, the appellant has not *125 carried the burden of showing that the trial judge abused his discretion in confirming the sale, which was attacked upon this ground. First State Bank of Miami v. Common Markets, Inc., Fla.App.1974, 301 So.2d 833; Credit Industrial Company v. Re-Mark Chemical Co., Inc., Fla.1953, 67 So.2d 540; King v. Brown, Fla.1951, 55 So.2d 187; In Re Estate of Rose, Fla.App.1964, 165 So.2d 226.
Therefore, the order under review is affirmed.
Affirmed.

. Review of this order was also sought by the trustee of the trust, but it was held that this was not a proper party to bring such an appeal. See: First State Bank of Miami v. Common Markets, Inc., Fla.App.1974, 301 So.2d 833; Credit Industrial Company v. Re-Mark Chemical Co., Inc., Fla.1953, 67 So.2d 540; King v. Brown, Fla.1951, 55 So.2d 187; In Re Estate of Rose, Fla.App.1964, 165 So.2d 226.