350 So.2d 520 (1977)
Jason TABASKY, Appellant,
v.
Karen DREYFUSS and Allstate Insurance Company, Appellees.
No. 76-330.
District Court of Appeal of Florida, Third District.
October 4, 1977.
*521 Kuvin, Klingensmith & Lewis and R. Fred Lewis, Coconut Grove, for appellant.
Talburt, Kubicki & Bradley and Robert J. Dickman, Miami, for appellees.
Before HENDRY, C.J., and HAVERFIELD and HUBBART, JJ.
HAVERFIELD, Judge.
Plaintiff, Jason Tabasky, appeals a $7,000 final judgment entered in his favor pursuant to a jury verdict in an action to recover damages for personal injuries sustained in an automobile accident.
Tabasky was injured when a car driven by defendant, Karen Dreyfuss, collided with his car at an intersection. Following the collision, Dreyfuss' liability insurer, Allstate Insurance Company, sent an investigator to interview the only non-party eye witness to the accident, Virginia Webster, who had been driving behind the Tabasky car prior to the accident, and the investigator reduced to a memorandum Webster's statement of what occurred. Tabasky filed suit against Dreyfuss and Allstate alleging Dreyfuss was negligent in that she ran the red light. Dreyfuss answered alleging that Tabasky ran the red light, not she. Pretrial discovery ensued and during Webster's deposition, the investigator's memorandum was identified, and Webster was questioned about its contents. At time of trial Webster's deposition was admitted into evidence because she had moved to Georgia. When defense counsel began to read Webster's cross-examination deposition testimony into the record, he also moved to offer the investigator's memorandum into evidence. Tabasky's counsel objected as follows and the court overruled the objection:
"MR. COHEN: Your Honor, I think that's a little out of order. It was never introduced in evidence and it was just marked at the time of the deposition and never introduced and made a part of this exhibit.
"THE COURT: On the grounds stated, it is overruled and marked as defendant's exhibit `A'."
At the conclusion of trial, the jury was instructed on comparative negligence. After deliberating, the jury returned with a $7,000 verdict for Tabasky. Tabasky's counsel then filed a motion for new trial on the ground, inter alia, that the court erred in allowing defense counsel to introduce the investigator's memorandum into evidence because it was hearsay. The motion was denied and judgment was entered in accordance with the jury's verdict.
Plaintiff Tabasky contends that the trial court erred in admitting the investigator's memorandum into evidence because it was hearsay and substantive evidence.
An appellate court will consider the grounds or objections to the admissibility of evidence as were specifically made in the trial court and cannot consider those objections to admissibility of evidence which are raised for the first time on appeal. See Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656 (1903); Lineberger v. Domino Canning Co., 68 So.2d 357 (1953); Chaudoin v. State, 118 So.2d 569 (Fla.2d DCA 1960); Jennings v. Stewart, 308 So.2d 611 (Fla.3d DCA 1975). The record clearly reflects that plaintiff's counsel objected to the admissibility of the memorandum solely on the ground it was not introduced into evidence at the time of the Webster deposition, and *522 the objection was properly overruled by the trial judge. The plaintiff having failed to raise the proper grounds for the objection to the introduction of the memorandum at trial, he is now precluded from raising any new additional grounds or objections for the first time on appeal.
In addition, we glean from the briefs and oral argument that plaintiff, in essence, is seeking reversal on the basis of inadequacy of the amount of the verdict. However, in his motion for new trial, plaintiff failed to include a specific allegation that the verdict was inadequate as required and, therefore, again is precluded from raising this issue for the first time on appeal. See Paul v. Kanter, 155 So.2d 402 (Fla.3d DCA 1963); O'Leary v. Watson, 263 So.2d 643 (Fla.3d DCA 1972).
Finally, after reviewing the trial record and considering the favorable verdict for the plaintiff, we conclude that plaintiff's argument that the introduction of the investigator's memorandum constituted prejudicial error is, at best, speculative. Cf. Wallace v. Rashkow, 270 So.2d 743 (Fla.3d DCA 1972).
Affirmed.