PER CURIAM.
The final judgment under review is affirmed upon a holding that the trial court committed no reversible error in failing to enforce at trial a witness subpoena against a witness [Dr. Scott Piper] by issuing a writ of body attachment against the said witness. because: (a) the plaintiff never requested the trial court, either directly or impliedly, to issue such a writ but only requested that “the Court call him [Dr. Piper] on the phone and ask him to come [to trial]” [T. 10], which request the trial court granted [T. 11]; (b) Dr. Piper was not under subpoena at the time the above request was made [having been properly excused from same by the defendants who had previously subpoenaed said witness], so that a writ of body attachment would not have been permissible at that time in any event. We do *232 not overlook, indeed, we agree with, the plaintiffs contention that, subsequent to this request, Dr. Piper was properly subpoenaed for trial by the plaintiff. See Haney v. Olin Corp., 245 So.2d 671 (Fla. 4th DCA 1971). The plaintiff, however, at no time requested the trial court, either directly or impliedly, to enforce that subpoena after the witness failed to appear [T. 67-78]; the plaintiff, therefore, cannot now complain for the first time on appeal that the trial court failed to enforce this subpoena. Paul v. Kanter, 155 So.2d 402, 403 (Fla. 3d DCA 1963).
Affirmed.