686 So.2d 762 (1997)
Connie WHITE, Appellant,
v.
Richard WHITE, Appellee.
No. 96-1081.
District Court of Appeal of Florida, Fifth District.
January 17, 1997.
Sharon Lee Stedman, of Sharon Lee Stedman, P.A., Orlando, for Appellant.
Theresa Anderson of Abeles and Anderson, P.A., DeBary, for Appellee.
HARRIS, Judge.
In this dissolution of marriage action in which the trial court distributed property acquired by the parties during the "marriage," Connie White contests the court's ruling that she is estopped to deny the validity of the marriage. While she admits that her conduct in relation to Richard White's Mexican divorce might justify estoppel, she urges that since Richard also had "dirty hands" because of his involvement in the divorce, he should be estopped from asserting the marriage in the first place. We believe that the court had the discretion (and properly exercised it) to determine that Ms. White was more at fault and that it would be more inequitable to invalidate the marriage and permit her to benefit from her conduct than to permit the action to proceed on the dissolution complaint.
Even though we affirm the court's decision to hear the case, we nevertheless reverse the judgment entered herein. In Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992), we discussed the problems created when a judge delegates his or her decisionmaking responsibility to the lawyers in the case. This case illustrates clearly the risk involved.
At the conclusion of the trial, the court gave the following instructions:
Both attorneys submit to me within 15 days a proposed final judgment. I'm not saying I'm going to buy either one a hundred percent, and I'll cut and paste. Fifteen days from today, okay?
MR. PARTLOW [attorney for wife/Appellant]: Thank you, your Honor.
THE COURT: Oh, I do have one little thing for you. There was an issue of fees and costs, and nobody said a word about that, so where are we on fees and costs?
MS. ANDERSON [attorney for husband/Appellee]: I think that we're each requesting a $10,000 contribution towards the other's attorney fee.
THE COURT: All right, I'll put that in there too....

*763 You-all know what I mean. Draft a final judgment that you think can withstand any appellate attack, each of you, findings of fact, whole nine yards; each piece of property, deal with it; each piece of personal property, deal with it, and we'll take it from there.
The trial court's method of resolving this case is not unusual. Indeed it is utilized, in our view, far too often. It is the court's unique responsibility to make the decisions on the various issues of the case based on the pleadings before it and its view of the evidence presented. The court does not fulfill this responsibility by merely choosing the better proposed judgment or the better option or options contained in competing proposed judgments presented by the attorneys. Often the attorneys, without appropriate guiding instructions, will make findings of fact and even rulings of law that the court, without such prompting, would never have considered. The judge, in reviewing the proposed judgment sometimes several weeks or even months after the trial (in this case, the final judgment was entered four weeks after the trial), may conclude that because the judgment sounds right (even though the judge cannot remember everything that took place at trial) the proposed judgment should be signed. But what if something appears in the judgment that was not even considered during the trial? Consider the ruling on attorney's fees:
Although the parties' assets are now nearly equal, the court finds that the husband is, nevertheless, entitled to recover a reasonable attorney's fee from the wife because the wife engaged in a concerted effort to conceal records, dissipate, waste, deplete and destroy marital assets which caused these proceedings to be unnecessarily protracted. As a result of her conduct, many hearings and other attorney activity was required by the husband's counsel. Additionally, wife has more than one half of the parties' assets after subtracting the parties respective credit card debt reflected on their financial affidavits at separation.
The wife shall pay $10,000 toward the husband's attorney fees within sixty (60) days of this order.
Although the husband sought attorney's fees in his complaint based only on needs and ability, it is apparent that this award of attorney's fee is not based on section 61.16, Florida Statutes since the court found that both parties had substantially the same assets. The "court" (according to the proposed judgment) justifies the fees in this case because of the misconduct of the wife. The difficulty that we have with this ruling is that there was nothing in the complaint and no subsequent motion requesting attorney's fees on this basis, nor was a request for fees on this basis made to the court in final argument. This issue was never properly before the court. The wife had no opportunity to address this issue before the court ratified the attorney's finding. This was error.
Rather than merely reverse the final judgment as it relates to attorney's fees, we elect to remand the entire final judgment (except the grant of the dissolution of marriage) to the trial court to more closely review the findings made by the husband's counsel in the proposed final judgment so that the judge is confident that the findings contained in the final judgment truly reflect the judge's independent judgment and that the judgment covers only those issues properly raised below.
AFFIRMED in part; REVERSED and REMANDED for further action consistent with this opinion.
COBB and THOMPSON, JJ., concur.