787 So.2d 48 (2001)
Robert F. STRUBLE, Appellant,
v.
Patricia STRUBLE, Appellee.
Nos. 2D99-1637, 2D99-2277.
District Court of Appeal of Florida, Second District.
February 23, 2001.
*49 Andrew J. Rodnite, Jr., of Reeser & Rodnite, P.A., Palm Harbor, for Appellant.
John S. Simms of Staack & Simms, P.A., Clearwater, for Appellee.
PER CURIAM.
The husband, Robert F. Struble, challenges the final judgment dissolving his marriage to Patricia Struble. In this consolidated appeal, the husband challenges an order awarding attorney's fees and costs to the wife. We affirm the order awarding attorney's fees and costs without further comment. However, we reverse in part and affirm in part the final judgment.
At the outset we note that rather than making in-court, on-the-record findings of fact, the trial court invited counsel for the parties to submit written final argument and proposed findings and conclusions. The final judgment was not entered until four months after the final hearing, and it incorporated almost verbatim the numerous findings of fact from the wife's written argument. While we believe that the better practice would be for family division trial judges to draft their own orders and judgments or dictate them on the record, we are mindful of the realities of a busy family law division. Such realities make it necessary, at times, to request proposed final judgments from the parties to assist the trial court in resolving disputed factual issues. However, use of this method is frought with danger, especially where, as here, there is a long delay between the final hearing and the rendition of the final judgment. The temptation is to merely choose between the proposed final judgments. However, as the Fifth District noted in White v. White, 686 So.2d 762 (Fla. 5th DCA 1997),
It is the court's unique responsibility to make the decisions on the various issues of the case based on the pleadings before it and its view of the evidence presented. The court does not fulfill this responsibility by merely choosing the better proposed judgment or the better option or options contained in competing proposed judgments presented by the attorneys.
Id. at 763.
In her final judgment, the trial judge adopted the wife's proposed findings of fact verbatim with only a few changes. The court even adopted some of the wife's proposed conclusions, including the wife's *50 proposed equitable distribution schedule. The trial judge however did change the wife's suggested permanent periodic alimony award of $4,000 per month to $2,200 per month, and on rehearing, pursuant to the parties' stipulation, reversed its initial finding that the husband's savings bonds were marital property and declared them nonmarital property.
One of the findings adopted verbatim from the wife's written final argument was paragraph 45 of the final judgment which read:
The Wife has need for security for the payment of alimony and the Husband should provide security by continuing the life insurance policies on his life having an unencumbered death benefit payable to the wife upon his death in the amount of $300,000. The Husband presently owns such a life insurance policy.
The husband challenges this finding and argues that there was no evidence that he had $300,000 in life insurance policies or that he could obtain such coverage. We agree. The only evidence on the subject of life insurance was the husband's testimony that he had a $100,000 Farmers Life policy, another policy with his employer in an unknown amount, and two policies that his parents obtained when he was born which he believed were worth $1,000 each. There was no other testimony or evidence concerning life insurance on the husband's life or its availability or cost. The record does not support the trial court's finding that the husband had $300,000 in life insurance. Moreover, it does not appear that the trial court considered the cost of additional insurance or the husband's ability to pay for such insurance. In imposing this requirement, the trial court must consider its financial impact on the husband. See Milo v. Milo, 718 So.2d 343 (Fla. 2d DCA 1998).
The husband also challenges the finding that the wife's 1995 Toyota automobile was her separate nonmarital asset. The wife purchased the automobile with the proceeds from the sale of a nonmarital home she owned prior to the marriage. The sale proceeds were deposited into the parties' joint account and commingled with marital funds and some months later were used to purchase the Toyota. Once the sales proceeds were deposited into the joint account, their nonmarital character was lost. See Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000) (holding that money loses its nonmarital character when commingled with marital money). The wife's Toyota automobile therefore is a marital asset.
The husband further argues, and we agree, that the trial court erred in adopting the wife's proposed valuation dates for the parties' various assets and liabilities. Some assets were valued as of the date the petition for dissolution of marriage was filed, and some were valued as of the date of the final hearing without explanation as to why different dates were used. For example, real property awarded to the wife was valued as of the date of filing when mortgages were greater, resulting in a lower net value; while real property awarded to the husband was valued as of the final hearing date, resulting in them having higher net value as a result of mortgages being reduced during the pendency of the action. While a trial court has discretion to use different valuation dates, it is an abuse of discretion to use different valuation dates for similarly situated assets resulting in values favoring one party over the other without explanation or record evidence to justify the different treatment. See Hicks v. Hicks, 580 So.2d 876 (Fla. 2d DCA 1991).
Based on the foregoing, we affirm those parts of the final judgment that dissolve *51 the parties' marriage and award the wife permanent alimony. We, however, reverse the equitable distribution award and remand this case for the trial court to revisit its equitable distribution scheme consistent with this opinion, taking further testimony if necessary. We affirm without discussion the other issues raised by the husband.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, A.C.J., and WHATLEY and STRINGER, JJ., concur.