780 So.2d 971 (2001)
Roberta A. BOGIN, Wife, Appellant/Cross-Appellee,
v.
John A. BOGIN, Husband, Appellee/Cross-Appellant.
No. 1D00-0625.
District Court of Appeal of Florida, First District.
March 5, 2001.
Rehearing Denied April 4, 2001.
Dale G. Westling, Sr., Esquire, Jacksonville, for Appellant/Cross-Appellee.
Robert C. Gobelman of Gobelman, Love, Gavin, Blazs & Mathis, Jacksonville, for Appellee/Cross-Appellant.
PER CURIAM.
On this appeal and cross-appeal from an amended final judgment of dissolution, the parties assail the equitable distribution scheme on multiple grounds. We are constrained to agree that the trial court's valuation of the contents of the marital home was error. On remand, this issue should be revisited, and the trial court should also determine the value of all three of the couple's Atlantic Coast Federal Credit Union accounts and of both of the couple's vehicles and any related liabilities, as of the date Ms. Bogin filed her petition for dissolution, August 7, 1998. See § 61.075(6), Fla.Stat. (1997). We find no error in the court's order with respect to the remaining assets.
While the trial court was authorized to order the husband to establish and maintain a life insurance policy as security for support obligations, see § 61.08(3), Fla. Stat. (1997), the wife concedes that further findings with respect to this issue are called for by the statute. We direct that the court make findings on remand as to the availability and cost of such a policy and "consider the financial impact of any such order upon the obligated spouse," keeping in mind that "any requirement to pay premiums should be taken into account in the determination of the amount of alimony." Sobelman v. Sobelman, 541 So.2d 1153, 1154 n. 2 (Fla.1989).
The trial court is authorized to revisit the amount of any payment necessary to equalize or otherwise render equitable the distribution of the parties' assets, and may also reconsider the amount of alimony in light of any changes in equitable distribution. *972 We otherwise affirm the amended final judgment of dissolution.
BENTON, PADOVANO, and POLSTON, JJ., concur.