GREEN, Judge.
The husband, Terrence D. Kelly, appeals the trial court’s final judgment of dissolution of marriage. We affirm the judgment with exception to the provision delegating the amount of time the husband will have for visitation with the parties’ two minor children during the summer months.
The trial judge, with the consent of the attorneys and the parties, requested that *1186 the attorneys submit final summations in writing along with proposed final judgments. The final summations dealt exclusively with the contested issue of the children’s primary residence. The trial judge found that both parties were morally fit, and the court-appointed psychologist recommended that the husband have very liberal visitation. The wife’s proposed final judgment was adopted almost verbatim by the trial judge, and the final judgment provides the husband with only a brief period of summer visitation with no findings or explanation.
Although agreed to by the parties and their attorneys, the procedure of allowing the parties to submit proposed final judgments without independent findings of fact in the record and without direction from the trial judge has been discouraged by this and other district courts for the very reasons complained of by the husband and his attorney in this case. Cornett v. Cornett, 713 So.2d 1083 (Fla. 2d DCA 1998); White v. White, 686 So.2d 762 (Fla. 5th DCA 1997); Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992); Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA 1988).
After careful scrutiny, we affirm the final judgment except for the provision regarding the husband’s summer visitation schedule with the parties’ minor children, which issue shall be revisited by the trial judge in an additional proceeding wherein the husband shall be allowed a longer summer visitation.
Affirmed in part; reversed in part with instructions.
WHATLEY, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.