807 So.2d 793 (2002)
Eraldo L. SCALABRONI, Appellant,
v.
Donna Z. SCALABRONI, Appellee.
No. 2D01-2251.
District Court of Appeal of Florida, Second District.
February 22, 2002.
*794 Joryn Jenkins and Donna J. Buchholz of Joryn Jenkins & Associates, Tampa, for Appellant.
Allison M. Perry of Allison M. Perry, P.A., Tampa, for Appellee.
WHATLEY, Judge.
Eraldo L. Scalabroni appeals the final judgment of dissolution of his marriage to Donna Z. Scalabroni. We find merit only in Eraldo's argument that the trial court erred in requiring him to reinstate a certain policy of life insurance.
In the final judgment of dissolution, the trial court ordered that Eraldo is to maintain his existing policy of life insurance with a face amount of $45,000 and that he is to reinstate the $100,000 life insurance policy he cancelled during the course of the dissolution proceedings. However, the court made no findings regarding Eraldo's insurability or the current cost of the policy he cancelled. "In order for a trial court to order that a party purchase insurance to secure a support obligation, the record should contain evidence of the payor's insurability, the cost of the proposed insurance, and the payor's ability to afford the insurance." Lopez v. Lopez, 780 So.2d 164, 165 (Fla. 2d DCA 2001). Accordingly, we affirm that part of the final judgment directing Eraldo to maintain the existing $45,000 life insurance policy, but we reverse that part of the judgment directing that he reinstate the $100,000 policy and remand for further proceedings.
Before we conclude, we note that although the directive section of that portion of the final judgment concerning life insurance accurately reflects the policies involved in this case, the findings section does not. That section states that Eraldo has an existing life insurance policy with a face amount of $100,000 and that it would be in the best interests of the minor children for him to reinstate the life insurance policy he had cancelled in a face amount of not less than $50,000. We believe this error in the final judgment occurred because of the procedure employed by the trial court in fashioning the judgment, which both parties on appeal concede is not a model of clarity. At the conclusion of trial in August 2000, the trial court directed counsel to submit proposed final judgments and written closing arguments.[1] At a hearing on November 1, 2000, the court announced that it was going to rip the judgments apart, go through the evidence, and then use Donna's final judgment as the main judgment. The court then proceeded to orally modify the judgments by going through Donna's judgment page by page and stating what it was deleting and what it was adding. As we have stated before,
[T]his method is frought [sic] with danger....
It is the court's unique responsibility to make the decisions on the various *795 issues of the case based on the pleadings before it and its view of the evidence presented. The court does not fulfill this responsibility by merely choosing the better proposed judgment or the better option or options contained in competing proposed judgments presented by the attorneys.
Struble v. Struble, 787 So.2d 48, 49 (Fla. 2d DCA 2001) (quoting White v. White, 686 So.2d 762, 763 (Fla. 5th DCA 1997) (emphasis in original)).
Affirmed in part, reversed in part, and remanded.
SILBERMAN and COVINGTON, JJ., Concur.
NOTES
[1] Donna's counsel submitted eighteen pages for the trial court's review. Eraldo's counsel submitted an astounding 148 pages. Appellate counsel did not represent the parties in the trial court.