892 So.2d 561 (2005)
Lee R. STALNAKER, Appellant,
v.
Susan E. STALNAKER, Appellee.
No. 1D04-2084.
District Court of Appeal of Florida, First District.
February 7, 2005.
Rebecca Bowen Creed, and John S. Mills, Jacksonville, for Appellant.
Homer A.C. Bliss, Jacksonville, for Appellee.
PER CURIAM.
The husband Lee Stalnaker appeals the trial court's order of dissolution. While *562 the order purports to be final, it reserves jurisdiction to determine any arrearage in support payments accumulated before the judgment of dissolution and the need for retroactive support. We have jurisdiction over the husband's appeal as a non-final order granting the right to immediate monetary relief in a family law matter. See Fla. R.App. P. 9.130(1)(3)(C)(iii).[1]
We agree with the husband that the trial court erred in (1) considering the husband's retirement benefits as both a marital asset subject to equitable distribution and as a source of income for the payment of alimony and (2) requiring the husband to secure his alimony obligation with a life insurance policy with his wife Susan Stalnaker as the beneficiary. We disagree, however, that the trial court erred in awarding the wife the benefit of both dependency exemptions for income taxation purposes because the husband has failed to show that the trial court abused its discretion. See Reynolds v. Reynolds, 668 So.2d 245, 247 (Fla. 1st DCA 1996).

I. Retirement: Marital Asset or Source for Alimony
The husband argues that the trial court erred in considering his military retirement as both a marital asset subject to equitable distribution and as a source of income for the payment of alimony. In considering "[a]ll sources of income available to either party," the trial court's order stated, "The Husband is able to obtain a retirement and possibly a disability check upon his retirement." The order then stated that an award of permanent periodic alimony was appropriate. The trial court's order also awarded the wife fifty percent of the Husband's "disposable retirement with the United States Navy earned during the marriage, in support of the equitable distribution of assets and as lump sum alimony, paid monthly."
In DeLoach v. DeLoach, this Court stated that a spouse's retirement benefits "may be either subjected to division in making equitable distribution of the marital assets, or treated as a source of payment of alimony, but not both." 552 So.2d 324, 325 (Fla. 1st DCA 1989) (citing Diffenderfer v. Diffenderfer, 491 So.2d 265, 267 (Fla.1986)); but see Acker v. Acker, 821 So.2d 1088, 1090-91 (Fla. 3d DCA 2002) ("The [Diffenderfer] court was making the obvious point that if one-half of the husband's pension is given to the wife, that half is no longer available to the husband in calculating the husband's ability to pay alimony."), review granted, 842 So.2d 842 (Fla.2003). The trial court in the instant case clearly did both. Therefore, we reverse the trial court's order to the extent it treated the husband's retirement benefits as both a marital asset and a source for alimony.

II. Life Insurance to Secure Alimony
The husband also argues that the trial court erred in requiring him to secure *563 his alimony obligation with a life insurance policy naming his wife as beneficiary because the issue was neither pled nor tried by consent and the trial court did not make the required findings. While the issue was not properly pled, it was raised during trial without objection. Counsel for the wife specifically asked the wife whether she sought such security, to which she replied affirmatively. Counsel also asked the husband if he objected to naming his wife as a beneficiary for his life insurance. The husband stated that he did not wish to do so. Because the issue was presented and made an issue without objection, it was tried by implied consent. See Shrine v. Shrine, 429 So.2d 765, 767 (Fla. 1st DCA 1983).
The trial court erred, however, in requiring the husband to maintain a life insurance policy with his wife as a beneficiary to secure his alimony obligation. Before requiring a party to do so, a trial court must "make findings regarding the necessity for such coverage." Schoditsch v. Schoditsch, 888 So.2d 709 (Fla. 1st DCA 2004). In doing so, the trial court must consider the cost and availability of the insurance and the financial impact on the obligor. See id.; Bogin v. Bogin, 780 So.2d 971, 971 (Fla. 1st DCA 2001); Scalabroni v. Scalabroni, 807 So.2d 793, 794 (Fla. 2d DCA 2002). The trial court did not make any of these required findings in its order. Therefore, we reverse and remand to the trial court for proper findings, if possible, based upon the evidence presented.
REVERSED and REMANDED with instructions.
WOLF, C.J., KAHN and POLSTON, JJ., concur.
NOTES
[1] We, therefore, may determine only those issues that concern a determination of right to immediate monetary relief. See RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002, 1003 (Fla. 3d DCA 1993) (stating that when an order contains one ruling that is subject to interlocutory appeal under Rule 9.130, other rulings that are contained in the same written order may not "tag along" and are not reviewable on interlocutory appeal); cf. Consultants & Designers v. Brown, 677 So.2d 915, 917 (Fla. 1st DCA 1996) (stating that the rule that allows interlocutory review of a workers' compensation order determining compensability does not open the door to other issues also determined in the order). Of the five issues the husband raises on appeal, only the three issues discussed in this opinion fall within this Court's jurisdiction under Rule 9.130, as they concern the right to immediate monetary relief. The other two issues concern prospective rights and, thus, are not yet before this Court. These issues may be raised when the trial court issues a final order.