PER CURIAM.
 

 Appellant, the former husband, seeks review of a “final judgment” in which the trial court ruled on a number of post-dissolution motions concerning child support, visitation, and other matters related
 
 *838
 
 to the parties’ parenting plan. The order purports to be a final order, but it expressly reserves jurisdiction to determine the child support arrearages owed by Appellant. In light of the reservation of jurisdiction in the order on appeal, we directed Appellant to show cause why this appeal should not be dismissed as premature.
 

 Having considered Appellant’s response to the order to show cause and Appellee’s reply, we conclude that the order on appeal is neither a final order nor an appealable nonfinal order. The order is not a final order because the trial court’s judicial labor is not complete, as reflected by the express reservation of jurisdiction to determine the amount of Appellant’s child support arrearages.
 
 See generally Demont v. Demont,
 
 24 So.3d 699 (Fla. 1st DCA 2009) (explaining that an order reserving jurisdiction on a matter that requires additional judicial labor is not a final order for purposes of appeal);
 
 and cf. Stalnaker v. Stalnaker,
 
 892 So.2d 561, 562 n. 1 (Fla. 1st DCA 2005) (reviewing a dissolution order that reserved jurisdiction to determine amount of arrearages as a nonfinal order and limiting review to those portions of the order determining the right to immediate monetary relief). The order is not an appealable nonfinal order under rule 9.130(a)(3)(C)(iii) because, although it addresses matters concerning visitation, the order does not terminate Appellant’s visitation rights or otherwise determine “the right to immediate ... child custody.”
 
 But cf. Hickey v. Burlinson,
 
 33 So.3d 827, 829 (Fla. 5th DCA 2010) (broadly stating that the “majority view” is that “an order regarding visitation is an appealable, non-final order,” but citing cases that involved orders granting visitation in the first instance or denying visitation altogether). And to the extent the order provides Ap-pellee “the right to immediate monetary relief’ in the form of ongoing child support, Appellant lacks standing to appeal that portion of the order because it granted his motion to reduce his child support obligation.
 
 See Credit Indus. Co. v. Remark Chem. Co.,
 
 67 So.2d 540 (Fla.1953) (noting and applying the general rule that a party may only appeal from a decision adverse to him or her in some respect);
 
 see also Consolidated City of Jacksonville v. Buffkin,
 
 768 So.2d 1253 (Fla. 1st DCA 2000) (citing
 
 Remark Chem. Co.,
 
 67 So.2d at 540). Finally, the order is not an ap-pealable nonfinal order under rule 9.130(a)(3)(B) because, contrary to Appellant’s argument, the order does not grant or deny injunctive relief.
 

 Because the order on appeal is not a final order or an appealable nonfinal order, this appeal is dismissed without prejudice to either party’s right to file a timely notice of appeal after a final order has been rendered by the trial court.
 

 DISMISSED.
 

 THOMAS, WETHERELL and MARSTILLER, JJ., concur.