IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-0014

GARY W. MCMICHAEL, LISA
V. MCMICHAEL, AND THIRD-
PARTY DEFENDANT, THE
TURNKEY GROUP,

      Appellants,

v.

THOMAS D. ZACHOS AND
KALIOPE ZACHOS, ET AL.,

      Appellees.

_____/

Opinion filed April 2, 2015.

An appeal from an order of the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

Robert O. Beasley and Phillip A. Pugh of Litvak Beasley & Wilson, LLP,
Pensacola, for Appellants.

No appearance for Appellees.


PER CURIAM.

      Appellants filed this appeal seeking review of a "Final Order of Judgment

as to Certain Counts." The order is not appealable because it is neither a final

order nor a non-final order that is appealable pursuant to rule 9.130. See Fla. R.

App. P. 9.030(b)(1). Generally, an order is final and ripe for appeal when "the

order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected." See S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974); see also Caufield v. Cantele, 837 So. 2d 371, 375 (Fla. 2002). It is clear that the order on appeal is not final under this test because it leaves the complaint and most of the claims raised in the third-party complaint unresolved. If an order does not finally end the judicial labor required, "piecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit." S.L.T. Warehouse, 304 So. 2d at 99.

Although the standards are relaxed, and a partial judgment may be appealable as final under rule 9.110(k), the instant order is not a partial final judgment because the remaining claims are related and the order does not dispose of the entire case as to any party. See Conti v. B & E Holdings, LLC, 61 So. 3d 1272 (Fla. 1st DCA 2011) (rejecting argument that order was an appealable partial final judgment).[1] The third-party complaint raised substantive claims against

---

[1] The Second District Court of Appeal has expressly questioned the holding that otherwise non-final orders that allow execution are not appealable as final judgments. East Avenue, LLC v. Insignia Bank, 136 So. 3d 659, 662 (Fla. 2d DCA 2014). However, in Insignia Bank the appeal was not allowed to proceed as filed but instead was treated as a proceeding seeking a writ of certiorari. Similarly, the appellants have initiated a separate proceeding in this Court by filing a petition for writ of certiorari directed towards the "Final Order of Judgment as to Certain

2

Gary and Lisa McMichael, and against The Turn Key Group. Several of these claims are disposed of in the order on appeal while many of these claims remain pending.[2] Thus, it is clear that these parties, particularly the third-party defendant The Turn Key Group, who is otherwise not a defendant to the main action, remain parties to this action and the order does not dispose of the entire case as to any of them. Furthermore, the remaining claims are related to the claims disposed of in the order on appeal because they rely on a common set of facts. Although the question of relatedness is often a difficult one, in this case the third-party complaint alleges counts for conspiracy based on the same facts as the individual claims. Thus, it is clear that the conspiracy counts, including counts 1, 2, 8, 10, 14, 16, 19, 21, 24, 26, 31, 33, 36, 38, 41, and many others, are related to the claims addressed in the order and these counts remain pending.

DISMISSED.

THOMAS, CLARK, and WETHERELL, JJ., CONCUR.

---

Counts."
[2] The order disposes of 18 of the 168 counts in the third-party complaint, to wit, counts 52-54, 57-59, 77-78, 85-86, 97-98, 102, 104-105, 114, 118, and count 125.