# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3620
_____

HANNA KILCREASE,

    Appellant,

    v.

BLAKE RYAN BROWN,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Tiffany M. Baker-Carper, Judge.

March 6, 2024


TANENBAUM, J.

The parties engaged in paternity litigation in Oklahoma. That litigation produced, among other things, out-of-state court orders on time-sharing and child support. The Oklahoma court also gave the mother (the appellant in this action) permission to relocate with the child to Florida. In her verified petition to register these orders with the circuit court in Leon County, the mother acknowledged that the Oklahoma court that rendered those orders has "continuing jurisdiction." Still, she sought the Florida circuit court's enforcement of the father's child-support obligation under the Oklahoma court's order. The father responded with his own motion for enforcement—of the timesharing plan put in place by the same Oklahoma court.

There was much back-and-forth in the Florida circuit court over whether the timesharing plan was temporary or permanent, which, according to the parties, would affect what facts needed to be proved to support modification of the plan. Meanwhile, the Oklahoma court was still issuing one or more orders of its own regarding the timesharing plan. The Florida circuit court ultimately granted the mother's motion to enforce the child-support order and denied the father's motion for enforcement regarding the timesharing. She appeals; he does not.

Even though the mother obtained all the relief that she sought in her motion, she expresses concern in her brief over one paragraph in the order granting that motion: "The Court Minutes/Notes filed in the District Court of Payne County, State of Oklahoma . . . is found to be a temporary order, subject to modification without [the] need for proving a substantial, material, and unanticipated change." This legal determination had no relation to the relief granted to the mother, and she should rest assured that the statement is a legal nullity.

This is so because there is no indication in the record that the Florida circuit court comported with the requirements of section 61.519, Florida Statutes, for conducting "simultaneous proceedings" on child-custody determinations—which includes resolution of timesharing issues. Except in emergencies, that statute prohibits a court of this state from exercising jurisdiction in a proceeding to modify a child-custody order "if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been commenced in a court of another state having jurisdiction substantially in conformity with this part." § 61.519(1), Fla. Stat. There are two exceptions to this prohibition: when "the proceeding has been terminated" and when the proceeding "is stayed by the court of the other state because a court of this state is a more convenient forum under s. 61.520." *Id.*; *cf.* § 61.516, Fla. Stat. (prohibiting modification of "a child custody determination made by a court of another state" except under some limited circumstances, including when the "court of the other state determines it no longer has exclusive, continuing jurisdiction under s. 61.515 or that a court of this state would be a more convenient forum under s. 61.520"). Neither exception appears to apply in the proceeding in the circuit court below.

Moreover, again except for in emergencies, the statute requires

> a court of this state, before hearing a child custody proceeding, [to] examine the court documents and other information supplied by the parties pursuant to s. 61.522. If the court determines that a child custody proceeding was previously commenced in a court in another state having jurisdiction substantially in accordance with this part, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this part does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

§ 61.519(2), Fla. Stat. A record must be made of the communication between the two courts under this provision. *See* § 61.511(4), Fla. Stat. Despite the mother's disclosure in the verified information she provided under section 61.522, Florida Statutes, that the Oklahoma court had "continuing jurisdiction" regarding the child's custody, there is no record of communication between the two courts and no record that the Oklahoma court determined the Florida circuit court was the "more appropriate forum" for the timesharing dispute.

Regardless of whether the paragraph of concern in the circuit court's order was simply irrelevant or, worse, unauthorized as a modification of the Oklahoma court's timesharing plan, it has no legal effect to the detriment of the mother. Because the mother was awarded complete relief on her motion to enforce, and the father's motion was denied in its entirety, there is no relief for her to claim in this appeal, which then must be dismissed. The supreme court explained it this way:

> When a litigant succeeds in obtaining all [s]he asks in the trial court having jurisdiction of the cause, [s]he no longer has a grievance to be corrected by an appeal to a reviewing court, whose chief duties are to correct abuses in the trial court, whereby the rights of a litigant were prejudiced and [s]he was thereby deprived of h[er] just dues under the law. When [s]he has no such grievance,

3

[s]he is not entitled by appeal to have the appellate court approve the judgment in h[er] favor.

*Credit Indus. Co. v. Remark Chem. Co.*, 67 So. 2d 540, 541 (Fla. 1953); *see also Witt v. Baars*, 18 So. 330, 330 (Fla. 1895) (dismissing appeal where "no relief whatever having been granted against her, or any liability adjudged against her or her estate"); *Peterson v. State ex rel. Harvey*, 28 So. 2d 868, 870 (Fla. 1947) ("It appears to be well settled, however, that a party to a cause may not appeal from a judgment which [s]he has sought and caused to be entered, unless the judgment has been so entered that the appellant has sustained some injury by it or is one not authorized by law and can in no way be enforced by legal process.").

DISMISSED.

BILBREY and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ashley D. Hall, Fournier Law, PLLC, Tallahassee, for Appellant.

Eric D. Schab, Max Factor Law, P.A., Tallahassee, for Appellee.

4