FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0088
_____

LILIA BELKOVA RUSSO,

    Appellant,

    v.

ZACHARY KITE and BRITTANY
KITE,

    Appellees.

_____


On appeal from the County Court for Levy County.
James T. Browning, Judge.


August 14, 2024


PER CURIAM.

    Lilia Belkova Russo appeals two trial court orders rendered in her eviction action against Zachary and Brittany Kite. We dismiss the appeal for the reasons below.

    First, Russo appeals the trial court's order on count one of her complaint, where the trial court ruled in Russo's favor by granting her request to evict the Kites from the subject property. Russo argues that the trial court should not have ordered eviction before ruling on the Kites' motion to determine rent. *See* § 83.60(2), Fla. Stat. Russo opposed the Kites' motion in the trial court. And when the Kites moved for rehearing on the eviction order—raising the

very argument Russo now asserts on appeal—Russo filed no response.

We dismiss the appeal from the eviction order as unauthorized and untimely. The eviction order was not adverse to Russo—she obtained the very relief she sought in her complaint. *Credit Indus. Co. v. Remark Chem. Co.*, 67 So. 2d 540, 541 (Fla. 1953) ("The general rule on appeal to review proceedings of an inferior court is that a party to the cause may appeal only from a decision in some respect adverse to him."); *see also Kilcrease v. Brown*, 380 So. 3d 1275, 1277 (Fla. 1st DCA 2024) (explaining that when Appellant "was awarded complete relief on her motion to enforce, and [Appellee's] motion was denied in its entirety, there is no relief for her to claim in this appeal, which then must be dismissed").

And although an order of eviction is an appealable, nonfinal order under Florida Rule of Appellate Procedure 9.130(3)(c)(ii)), Russo did not file the notice of appeal within thirty days of rendition of the order. Fla. R. App. P. 9.130(b) ("Jurisdiction of this court under [subdivision (a)(3)] of this rule shall be invoked by filing a notice with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed."). And the motion for rehearing on the eviction order—again, filed by the Kites and not opposed by Russo—did not toll rendition.

Russo also appeals from the order dismissing count two of her complaint, her claim for damages. The trial court dismissed this count after Russo failed to appear at a hearing on the damages claim. That order is also not appealable. It is not a final order. *See McMichael v. Zachos*, 160 So. 3d 937, 937–38 (Fla. 1st DCA 2015) (explaining that a final order brings an end to judicial labor). Nor is it an appealable partial final judgment because the eviction action (which remains pending) and the damages claim involve the same parties, the same facts, and the same subject matter. *See* Fla. R. App. P. 9.110(k) (defining a partial final judgment as "one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims").

DISMISSED.

LEWIS, ROWE, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Lilia Belkova Russo, pro se, Appellant.

Kevin S. Rabin and Richard S. Hatch of Three Rivers Legal Services, Inc., Gainesville, for Appellees.