# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1823
Lower Tribunal No. 21-8916-FC-04
_____

**Dmitry Lysich,**
Appellant,

vs.

**Anna Canelo f/k/a Anna Lysich,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria Del Pino, Judge.

Dmitry Lysich, in proper person.

No Appearance, for appellee.

Before LOGUE, GORDO, and LOBREE, JJ.

PER CURIAM.

Appellant Dmitry Lysich appeals the trial court's Order Correcting Final

Order on Child Support Entered on May 14, 2024, which reserved jurisdiction

to enter an order establishing the child support arrearages owed. We issued an order to show cause as to why the appeal should not be dismissed as one taken from a non-final, non-appealable order.

Having reviewed Appellant's response, we dismiss this case without prejudice to either party's right to file a timely notice of appeal once the trial court renders a final order addressing the arrearages. See Pool v. Bunger, 43 So. 3d 837, 838 (Fla. 1st DCA 2010) ("Having considered Appellant's response to the order to show cause and Appellee's reply, we conclude that the order on appeal is neither a final order nor an appealable nonfinal order. The order is not a final order because the trial court's judicial labor is not complete, as reflected by the express reservation of jurisdiction to determine the amount of Appellant's child support arrearages. The order is not an appealable nonfinal order under [Florida Rule of Appellate Procedure] 9.130(a)(3)(C)(iii) because, although it addresses matters concerning visitation, the order does not terminate Appellant's visitation rights or otherwise determine 'the right to immediate . . . child custody.' . . . Because the order on appeal is not a final order or an appealable nonfinal order, this appeal is dismissed without prejudice to either party's right to file a timely notice of appeal after a final order has been rendered by the trial court." (citations omitted)); Fla. R. App. P. 9.130(a)(3)(C)(iii)(a) (providing for review

2

of nonfinal orders that determines in family law matters "the right to immediate monetary relief"); <u>Stalnaker v. Stalnaker</u>, 892 So. 2d 561, 562 n.1 (Fla. 1st DCA 2005) (reviewing a dissolution order that reserved jurisdiction to determine amount of arrearages as a nonfinal order and limiting review to those portions of the order determining the "right to immediate monetary relief").

Appeal dismissed.