PER CURIAM.
This is an appeal of an order granting the temporary injunction thereby permitting appellee to participate as a football player in games played by Ely High School for the remainder of this season, although having been ruled ineligible by appellant. The order states:
ORDERED AND ADJUDGED that this Court, acting as a court of equity, hereby holds that the Plaintiff’s prayer for a temporary injunction is granted. The Defendants, THE FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, INC. and JAMES JONES, as principal of Ely High School, and any individual or entity in active participation with the Defendants, are temporarily and immediately enjoined from enforcing any rule or regulation that would prohibit the participation of NICHOLIAN ADDERLY in the remaining 1990-91 high school football season, including any potential championship games pending further Order of this Court.
While this Court finds that under the specific circumstances of this case irrepa- *159 rabie harm to this Petitioner is likely to occur if this temporary injunction is not granted, the Court further finds that the FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION did not procedurally deny the Petitioner his Due Process rights, nor is there a substantial likelihood that NICHOLIAN ADDERLY will prevail at a permanent injunction hearing on his Equal Protection argument. However, this Order pertains only to the instant temporary injunction and does not affect NICHOLIAN ADDERLY’S right to petition for a hearing on the permanent injunction prayed for in his complaint.
A party seeking a temporary injunction must show that (1) he will suffer irreparable harm, (2) he has a clear legal right, (3) he has an inadequate remedy at law and (4) a temporary injunction serves the public interest. Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981); Dania Jai Alai International, Inc. v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979). In City of Fort Lauderdale v. Canary, 546 So..2d 1114 (Fla. 4th DCA 1989), this court stated:
[Ajppellees have failed to demonstrate a “substantial likelihood of success on the merits” as this Court demanded in Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830, 831 (Fla. 4th DCA 1981). As a result, appellees have failed to demonstrate a clear legal right which “is met by proof of a reasonable certainty” of success on the merits. Zimmerman v. D.C.A. at Welleby, Inc., 505 So.2d 1371, 1373 (Fla. 4th DCA 1987). Therefore, because appellees did not meet the clear legal right requirement, the trial court erred in issuing the temporary injunction.
546 So.2d at 1117.
In this case the trial court found that appellee would suffer irreparable harm if he was not permitted to play football. At the same time the trial court found that there was no deprivation of due process and that it was unlikely appellee would prevail on the merits of his equal protection claim. Thus, the order was fundamentally erroneous on its face and cannot be upheld where the order itself shows that appellee is not entitled to injunctive relief. Cf. Seashore Club of Atlantic City v. Tessler, 405 So.2d 767 (Fla. 4th DCA 1981).
Appellee claims that we should not consider this appeal without the presentation of the transcript of proceedings. In a non-final appeal only an appendix is required. Fla.R.App.P. 9.130(d). While a transcript would be required to show reversible error where the order on its face is not clearly in error, we fail to see, and appellee has not indicated to us, how the transcript of proceedings could cure the fundamental errors in the order itself.
The trial court was obviously sympathetic to the plight of this young athlete and attempted to exercise “equitable” power for appellee’s benefit. However, the first principle of equity jurisdiction is that equity follows the law. “Courts of equity simply have no power to issue rulings which they consider to be in the best interest of justice without regard to established law.” Bank of South Palm Beaches v. Stockton, 473 So.2d 1358, 1361 (Fla. 4th DCA 1985). Here the trial court clearly ignored established principles of law in granting the injunction. .Because of this we must reverse and remand with directions to dissolve the temporary injunction entered and for further proceedings not inconsistent with this opinion. We also order that no petition for rehearing will be entertained and the mandate shall issue instanter.
DOWNEY, ANSTEAD and WARNER, JJ., concur.