578 So.2d 903 (1991)
Clayton WILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2688.
District Court of Appeal of Florida, First District.
May 8, 1991.
Nancy A. Daniels, Public Defender and Steve Rothenburg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., for appellee.
PER CURIAM.
Clayton Wiley pled nolo contendere to a charge of burglary of a structure, a third degree felony pursuant to section 812.02, Florida Statutes. He was placed on probation for a period of five years. Prior to the termination of the probation, however, Wiley admitted violating its terms. He was thereupon sentenced to four years incarceration to be followed by three years and ten months of probation. In this proceeding he argues this sentence is illegal as a split sentence cannot exceed the maximum period of incarceration for the offense. See State v. Holmes, 360 So.2d 380 (Fla. 1978); Weiner v. State, 562 So.2d 392 (Fla. 5th DCA 1990); Blackburn v. State, 468 So.2d 517 (Fla. 1st DCA 1985). In the instant case the maximum period of incarceration is five years.
The appellee has filed a motion to relinquish jurisdiction for resentencing, agreeing with appellant that he is entitled to the relief he seeks. We choose to treat this motion as a confession of error and reverse *904 and remand this cause for imposition of a legal sentence.
REVERSED.
SHIVERS, C.J., and ERVIN and BARFIELD, JJ., concur.