FRANK, Judge.
Tammy Lynn Johnson raises three issues in her attack upon the trial court’s post-final judgment order shifting Tammy Lynn’s sole custody of and responsibility for a minor child to her ex-husband. The error we find determinative arises from the alacrity with which the trial court disposed of this matter.
On May 14, 1990, a master, empowered by the trial court pursuant to rule 1.490 of the Florida Rules of Civil Procedure to hear and consider the ex-husband’s pleadings seeking modification of the minor’s custody, entered findings and recommendations awarding sole custody of the minor child to the ex-husband. On the succeeding day, May 15, 1990, the trial court executed an order adopting the master’s findings and recommendations.
Rule 1.490(h) of the Florida Rules of Civil Procedure provides as follows:
The master shall file his report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within the period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
The trial court denied Tammy Lynn the period prescribed for the filing of exceptions to the master’s findings and recommendations.
Accordingly, we do not disturb the current custody of the minor child but we vacate the May 15 order and remand for further proceedings complying with rule 1.490(h).
CAMPBELL, A.C.J., and ALTENBERND, J., concur.