PER CURIAM.
Appellant, the erstwhile husband, appeals from an order of the trial court entered post final judgment after a hearing before a master.
The main thrust of the husband’s appeal is that the trial court entered the order appealed from based upon a master’s report that allegedly contained no findings of fact, recommendations, nor service upon appellant, and thus no opportunity was afforded to file objections to the report. The husband also complains that the trial court failed to find the wife in contempt.
The order complained of accepted the master’s report, denied the husband’s motion for contempt, ordered the wife to pay the money due him for the child’s dancing lessons, gave the husband a judgment for money due from the wife for bills attributable to her, ordered the wife to return the husband’s mother’s dishes, etc., to the husband, and denied the husband’s request for attorney’s fees.
The record presented is somewhat inadequate. It does not contain the master’s report, which the judgment states the court received. Nevertheless, since there is no contrary evidence in the record, we accept appellant’s statement that the Master’s report contained no findings of fact or recommendations and he did not receive a copy. Thus, he was unable to file his objections to the report. This, of course, is error because the rule requires that all of those things should occur. Rule 1.490, Florida Rules of Civil Procedure; Johnson v. Johnson, 585 So.2d 1188 (Fla. 2d DCA 1991). Be that as it may, we hold that the *1143 error is harmless because appellant ultimately received virtually all of the relief sought, except the order of contempt,[1] which is a matter within the discretion of the court and not shown to be erroneous here. The recitation above demonstrates that the husband received most of what he sought in the order under review. The relief not contained therein was obtained via other proceedings such as habeas corpus.
Accordingly, it appears to us that no reversible error has been demonstrated. If there is other relief to which the husband feels entitled, we suggest he seek it in a new petition.
AFFIRMED.
GLICKSTEIN, C.J., and DOWNEY and DELL, JJ., concur.

. We hold that the order denying the motion for contempt is reviewable as a non-final order entered after final judgment, pursuant to Florida Rule of Appellate Procedure 9.130(a)(4) and Clearwater Federal Savings & Loan Association v. Sampson, 336 So.2d 78 (Fla.1976).