594 So.2d 339 (1992)
OLIVER GENERAL FENCE, INC., Appellant,
v.
James M. ROCHE and Mary M. Roche, Appellees.
No. 91-1207.
District Court of Appeal of Florida, Fifth District.
February 28, 1992.
Barry Kalmanson of Barry Kalmanson, P.A., Orlando, for appellant.
Richard D. Connor, Jr. and Christopher T. Vernon of Pleus, Adams & Spears, P.A., Orlando, for appellees.
RICHARDSON, E., Associate Judge.
This is an appeal of a final judgment denying appellant, Oliver General Fence, Inc., an amount of attorney's fees in its mechanic's lien and breach of contract suit against appellees, James and Mary Roche. Appellant seeks its fee under two theories: (1) under section 713.29, Florida Statutes (1989) as the prevailing party in a mechanic's lien action; and (2) under the terms of the written contract of the parties.
On September 5, 1990, appellant filed a three-count complaint against the appellees. Count I sought to foreclose a mechanic's lien. Count II claimed damages for breach of the written contract. Count III, not at issue in this appeal, was for quantum meruit. Attached to the complaint was a copy of the contract, which contained the following provision:
In the event of collection or enforcement of this contract is necessary by the company, the buyer will pay all reasonable and necessary attorney's fees and costs of such action.
A non-jury trial was set for May 9, 1991. On March 25, 1991, the parties mediated the issues of this case at which time a settlement was reached. The agreement contained the following terms:
After mediation held on Monday, March 25, 1991, the parties agree as follows:
1. The plaintiff will accept and the defendant will pay the sum of $3,367 to resolve the issue of the contract.

*340 2. The issue of attorney's fees and costs will be decided by the trial judge at a hearing held within 60 days.
On May 2, 1991, the trial court entered an order denying both parties' requests for attorneys' fees on the grounds that the case was resolved in settlement and there was no "prevailing party" under section 713.29. The trial court's order is expressly limited to the issue of statutory attorney's fees and does not address appellant's entitlement to fees under the contract.
On May 10, 1991, the trial court entered a final judgment in this case. However, instead of confining the judgment to the expressed terms of the settlement agreement, the trial court found a mechanic's lien to exist against the real property of the appellees. The final judgment expressly incorporated the trial court's order of May 2, 1991, denying statutory attorney's fees. Again, no mention was made in the final judgment as to appellant's entitlement to attorney's fees under the written contract.
The record fails to show any legal basis for the imposition of a mechanic's lien against the real property of appellees. No additional evidence or testimony was presented to the trial court after mediation. No stipulation of the parties appears in the record authorizing such a finding. Such a finding constitutes fundamental error and cannot stand as the basis of an award of attorney's fees under section 713.29. Thus, the trial court was correct in its denial of statutory attorney's fees. Encompass, Inc. v. Alford, 444 So.2d 1085 (Fla. 1st DCA), rev. denied, 453 So.2d 43 (Fla. 1984).
The "prevailing party" analysis of section 713.29 has no relevance to this case. Appellant's entitlement to an attorney's fee must be decided under the terms of the original contract between the parties. The relevant inquiry should be whether the lawsuit was necessary to collect or enforce the contract. This contract provision should be strictly construed. B & H Construction & Supply Co., Inc. v. District Board of Trustees of Tallahassee Community College, 542 So.2d 382, 387 (Fla. 1st DCA), rev. denied, 549 So.2d 1013 (Fla. 1989).
Accordingly, the judgment of the trial court denying appellant's claim for attorney's fees under section 713.29 is hereby affirmed. However, this case is remanded for a determination by the trial court of appellant's entitlement to attorney's fees under the contract.
AFFIRMED in part; REVERSED in part; REMANDED.
GOSHORN, C.J., and COBB, J., concur.