THOMPSON, Judge.
Susan Crews, appellant and former wife, appeals the order on former wife’s motion to compel and former husband’s objection to request to enter premises. The order of the trial court was entered on 21 July 1993. Appellant filed her notice of appeal on 13 August 1993. She filed her initial brief on 1 September 1993. Appellant also filed a request for attorney’s fees and costs, pursuant to Rule 9.400, Florida Rules of Appellate Procedure. Emmett Crews, appellee and former husband, filed an answer brief on 23 September 1993. In his brief, appellee wrote that he “hereby stipulates to the reversal of the trial court’s July 21, 1993 Order on Former Wife’s Motion to Compel and Former Husband’s Objection to Request to Enter Premises.” We treat appellee’s brief as a confession of error. See Lambrix v. Dugger, 586 So.2d 1071 (Fla. 1st DCA 1991) (citing Wiley v. State, 578 So.2d 903 (Fla. 1st DCA 1991)); Boggs v. Farm Credit Bank of Columbia, 545 So.2d 516 (Fla. 3d DCA 1989).
The appellant seeks appellate attorney’s fees and costs pursuant to a marital settlement agreement incorporated into a final judgment of dissolution of marriage. The agreement reads in part:
Should either party breach the terms of this agreement, causing the other party to employ an attorney for the enforcement of the provisions hereof, or for the collection of damages as a result of a breach, then the prevailing party’s attorney’s fees and court costs shall be paid by the nonprevail-ing party.
Appellant is entitled to appellate fees and costs. See § 59.46, Fla.Stat. (1991). The trial court shall determine the amount of fees and costs and enter an order. Reversed and remanded for proceedings consistent with this opinion.
REVERSED and REMANDED.
HARRIS, C.J., and GRIFFIN, J., concur.