655 So.2d 243 (1995)
Robert V. DEAN, Appellant,
v.
Sarah H. DEAN, Appellee.
No. 94-3063.
District Court of Appeal of Florida, Third District.
June 7, 1995.
Feder & Fine and Scott J. Feder, Miami, for appellant.
Ellen G. Lyons, Bette Ellen Quiat, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
SCHWARTZ, Chief Judge.
The ex-husband appeals from an adverse ruling concerning the interpretation of a dissolution settlement agreement. In two respects, we reverse.

I.
The record indisputably shows that, in return for the wife's bearing what they discovered were the highly uncertain tax consequences of the transfer of her MCI stock options, the husband agreed to accept only 37 1/2% of those options, rather than the 50% they had previously contemplated. The trial judge was therefore clearly in error in determining *244 that the "proceeds" of the 37% to which he was entitled under the agreement[1] did not include the sums deducted by MCI for those very taxes. See Child v. Child, 474 So.2d 299 (Fla. 3d DCA 1985). Accordingly, judgment must be entered for the husband in the amount of the taxes withheld, with interest from the dates the respective payments were due from the wife under the contract.

II.
In the light of this decision,[2] the husband is entitled to attorney's fees for this litigation under the mandatory terms of the contract itself.[3] See Oliver Gen. Fence, Inc. v. Roche, 594 So.2d 339 (Fla. 5th DCA 1992); Vistaco, Inc. v. Prestige Properties, Inc., 559 So.2d 744 (Fla. 1st DCA 1990); B & H Constr. & Supply Co., Inc. v. Tallahassee Community College, 542 So.2d 382 (Fla. 1st DCA 1989), review denied, 549 So.2d 1013 (Fla. 1989). We agree with the husband that the right to attorney's fees is governed only by the contract and that section 61.16, Florida Statutes (Supp. 1994), and the conditions to an award under that statute are therefore irrelevant. Crews v. Crews, 629 So.2d 1094 (Fla. 5th DCA 1994); Witt v. Witt, 568 So.2d 539 (Fla. 4th DCA 1990). The amount of these fees shall be determined after remand.
Reversed and remanded with directions.
NOTES
[1] The clause in question provided as follows:

4. b. The proceeds of 1500 stock options (MCI stock) to be given to the Husband as follows: the proceeds of the exercises of 750 stock options shall be transferred to the Husband within ten days from execution of this agreement. The proceeds from the sale of 750 stock options within ten days from the date the Wife becomes vested with MCI on 28 January 1994.
[2] We need not decide whether the appellant was erroneously denied fees under the agreement based only on the relatively minor issues on which he prevailed below.
[3] On this issue, the agreement provides:

IX. ATTORNEY'S FEES
* * * * * *
In the event that either party in this Agreement defaults in his or her obligations hereunder, the party in default shall be liable to the non-defaulting party for all reasonable expenses incurred, including attorney's fees, in the enforcement or interpretation of the obligation created by this agreement.
XII. AMENDMENT AND ENFORCEMENT OF AGREEMENT
* * * * * *
The parties agree that if the terms of this agreement are not complied with, the noncomplying party will be liable for and pay the reasonable attorney's fees and costs incurred by the party seeking to enforce the terms of this agreement.