ANTOON, Judge.
John Laguardia appeals the final order awarding attorney’s fees to Thomas N. Tompkins pursuant to a prevailing party attorney’s fee provision contained in the parties’ settlement agreement. Tompkins, chief executive officer of Tompkins Investment Group, Inc. (TIGI), incurred these fees in defending a civil contempt action for refusing to comply with a court order which , required Tompkins to account for all of TIGI’s assets. We reverse the award because the terms of the prevailing party attorney’s fees clause *1058 did not authorize a fee award under the circumstances of this case.[1]
After a money judgment was entered against TIGI, Laguardia was appointed receiver of TIGI. As a part of his duties, La-guardia was ordered to account for all of TIGI’s property. The order appointing La-guardia receiver also imposed obligations on Tompkins:
[TIGI and], its officers, ... are hereby directed to immediately provide to the Receiver exclusive possession and control of TIGI and all of the Property, including but not limited to all books and business records of TIGI and in relation to all of the Property, including but not limited to all leases, contracts, agreements, correspondence, accounting records, bank accounts and deposits, security deposits, licenses, and such other books, records, contracts, agreements, journals, ledgers, accounts, and other documents concerning TIGI and the Property and operation of the business of TIGI....
In attempting to fulfill his responsibilities, Laguardia became embroiled with TIGI in numerous disputes relating to the release of TIGI assets. Laguardia and Tompkins eventually filed claims and counterclaims against each other. In an effort'to resolve then-differences, Laguardia and Tompkins executed a settlement agreement and mutual release relating to their respective claims and counterclaims. The agreement essentially released Tompkins from liability to Laguar-dia, and Laguardia from liability to Tompkins. Of particular importance to this appeal, the following prevailing party attorney’s fee provision was contained in the parties’ settlement agreement:

Attorneys’ Fees

In the event any litigation, including any appeals, is instituted in connection with the breach, enforcement or interpretation of this Agreement, including, without limitation, any action seeking declaratory relief, equitable relief, injunctive relief, or any action at law for damages, the prevailing party shall be entitled to recover all-reasonable attorneys’ fees and court costs incurred in connection therewith.
Approximately three years after the parties executed the settlement agreement, La-guardia filed a motion with the trial court seeking an order to show cause why Tompkins should not be held in civil contempt. The motion alleged that Tompkins had knowingly disregarded the court order which directed him to turn over all TIGI assets to Laguardia by failing to deliver to Laguardia over $1.8 million in assets. It was further alleged that Tompkins had concealed these assets and that Laguardia did not know of their existence at the time he executed the parties’ settlement agreement. In defending against this motion, Tompkins raised the parties’ settlement agreement as an affirmative defense, asserting that by its terms the agreement barred Laguardia from instituting a contempt action against him.
The trial court conducted a heáring on Laguardia’s motion. At the conclusion of the hearing, the trial court stated, “[m]y impression from the evidence here is that Tompkins very deliberately concealed this stuff, and that he engaged in this Chinese fire drill, financial juggling, to conceal it from them. I have no doubt in my mind of that....” However, the trial court ruled the parties’ settlement agreement barred Laguardia’s claim for contempt. Accordingly, Laguar-dia’s motion for civil contempt was denied. This ruling was never appealed and, as a result, its correctness is not an issue before us.[2]
Tompkins later filed a motion seeking an award of attorney’s fees pursuant to the prevailing party attorney’s fee provision contained in the parties’ settlement agreement. The trial court granted the motion, and awarded Tompkins $50,000 in attorney’s fees. Laguardia appeals.
Contractual provisions shifting responsibility,for attorney’s fees must be strict *1059 ly construed. See Oliver General Fence, Inc. v. Roche, 594 So.2d 339, 340 (Fla. 5th DCA 1992). In this regard, attorney’s fees can not be automatically awarded to a prevailing party unless specific language contained in the parties’ contract authorizes such an award. See Baker Protective Services, Inc. v. FP, Inc., 659 So.2d 1120, 1123 (Fla. 3d DCA 1995), rev. denied, 669 So.2d 250 (Fla.1996).
The specific language contained in the prevailing party attorney’s fee provision of the parties’ settlement agreement was that in “the event any litigation ... is instituted in connection with the breach, enforcement or interpretation of this Agreement ... the prevailing party shall be entitled to recover all reasonable ... fees_” The question therefore is whether, in entering an award in this case, the trial court properly concluded that Laguardia’s motion for contempt constituted “litigation ... instituted in connection with the breach, enforcement or interpretation of [the parties’] Agreement....” We answer this question in the negative.
We first note that Laguardia’s motion for contempt did not assert that Tompkins had “breached” the parties’ settlement agreement, and the motion was not initiated in an effort to “enforce” the terms of the agreement. Thus, the only remaining query is whether the motion required the trial court to “interpret” the provisions of the settlement agreement. We conclude that Laguar-dia’s motion for contempt did not seek an interpretation of the parties’ agreement since the sole purpose for filing the motion was to obtain a court adjudication finding Tompkins in contempt of a court order for concealing TIGI assets and to compel compliance with previously entered court orders. These issues were not at all related to the parties’ settlement agreement. Accordingly, we reverse the attorney fee award entered in this matter.
REVERSED.
HARRIS, J., concurs.
DAUKSCH, J., dissents, without opinion.

. Tompkins cross-appealed contending the trial court erred in not awarding him sufficient attorney's fees and court costs. Our decision renders that issue moot.

. The trial court’s order denying Laguardia's motion for contempt was reviewable as a nonfinal appealable order. See Fla. R.App. P. 9.130(a)(4); Berman v. Berman, 591 So.2d 1142, 1143 n. 1 (Fla. 4th DCA 1992).