790 So.2d 1276 (2001)
Carol A. COE, Appellant/Cross-Appellee,
v.
John E. ABDO, Appellee/Cross-Appellant.
No. 4D99-349.
District Court of Appeal of Florida, Fourth District.
August 15, 2001.
*1277 Cynthia L. Greene and Paula Revene of Cynthia L. Greene, P.A., Silver & Waldman, P.A., and Marsha B. Elser & Associates, P.A., Miami, for appellant/cross-appellee.
Eugene E. Stearns and Joy Spillis of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, for appellee/cross-appellant.

ON MOTION FOR REHEARING
WARNER, J.
We deny the motion for rehearing but withdraw our previously issued opinion and substitute the following in its place.
At its core, this appeal presents relatively simple contract issues for determination made far more complicated by the fact that the contract is a marital settlement agreement incorporated in a divorce decree. The issue presented is whether the trial court erred in failing to award interest and attorney's fees to the wife in connection with sums found to be due to her under the marital contract. Because we find that this case is governed by contract principles and not the equitable discretion allowed in divorce actions, we reverse the *1278 court's rulings denying the wife interest and attorney's fees.
Incorporated into the final judgment of dissolution was a marital settlement agreement which the parties entered into when they separated in 1989. It provided for four installment payments to the wife of one million dollars each and one of $500,000. As security for these payments, the husband executed a mortgage on the former marital home for the first payment, a mortgage on vacant development property for the second payment, and assigned shares of stock in a corporation for the last three payments. The security was to be released by the wife as each payment was made. If any payment was past due for thirty days, the entire remaining balance became due, bearing interest at the statutory rate of interest for judgments. If litigation resulted over the agreement, the prevailing party was entitled to reasonable attorney's fees and costs.
Without going further into the long history of contact between the parties, the husband paid the first two payments, but the wife failed to release the security. The husband never took legal action to obtain the releases because he said he loved his wife.[1] The wife did execute some partial releases for some of the development property. When the third payment was due, the husband asked for an extension of time to make payment, which was granted by the wife. However, the husband failed to make the last two payments, and the wife instituted proceedings to enforce the agreement. She alleged that the husband had failed to make the third payment; she elected acceleration under the agreement; and she sought the balance due of $2.5 million, interest, and attorney's fees. She did not sue to foreclose on the mortgages she held on any of the real property but did request assignment of the shares of stock.
The husband answered and counter-claimed, alleging that the wife had first breached the agreement by failing to deliver the releases.[2] However, he did not seek to recover any damages from her alleged breach and later abandoned his claim. His counsel explained that his breach claim was an affirmative defense. He also alleged that he was entitled to a credit for other distributions that he had made to the wife.
By partial summary judgment, the court determined that the wife was entitled to judgment as a matter of law and that the affirmative defenses of the husband were legally insufficient. Pursuant to that order, the court reserved jurisdiction to award interest and attorney's fees and to consider remaining defenses not argued. Although the wife argued that no equitable defenses applied to the accrual of interest, the court stated that it did not intend to strike those defenses as applied to the payment of interest. The court then granted the husband's motion to designate his setoff defense as a counterclaim and affirmative defense of payment. This defense was based on other property given to the wife, which were conclusively proved to be gifts. Thereafter, the court granted a further summary judgment in the wife's favor on the setoff counterclaim and affirmative defense of payment. The husband then paid the principal amount of the monies owed.
After these orders, the only issue remaining was the claim for interest plus attorney's fees. Despite this, the entire *1279 matter was rehashed again in front of a successor judge who was asked to determine interest and attorney's fees. The husband again sought to raise the issue of his wife's breach of the agreement by failing to provide releases and also raised various equitable claims as to why interest should not be paid. The wife again asserted that as a matter of law, equitable defenses could not be raised to the payment of interest or attorney's fees under the agreement. After listening to extensive testimony, the court denied both interest to the wife and attorney's fees to either party, finding that both parties had the ability to pay their own fees. Both parties appeal that ruling.
It is well settled that a marital settlement agreement is to be interpreted like any other contract and is construed as a matter of law. See Levitt v. Levitt, 699 So.2d 755, 756 (Fla. 4th DCA 1997). In this case, the contract provided that if any installment was unpaid for thirty days, the husband was in default and the entire remaining payments shall become due in full "without the requirement of any notice of acceleration from the [w]ife." While the wife was required to release the security, those covenants are independent of the covenant to pay the monies due under the contract. Cf. Smiley v. Manufactured Hous. Assocs. III Ltd. P'ship, 679 So.2d 1229, 1232 (Fla. 2d DCA 1996) (covenants of mortgage note and mortgage relating to mortgagor's payment held to be independent from covenants relating to mortgagee's obligation to execute partial releases); Sun First Nat'l Bank of Orlando v. Grinnell, 416 So.2d 829, 833-34 (Fla. 5th DCA 1982). The remedy for a breach of the release provision is in damages. See id. at 834. The breach should not have been considered as an equitable defense to the wife's prejudgment interest claim because Florida prescribes to the "loss theory," rather than reward or punishment, when awarding prejudgment interest. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985); Miller v. Transflorida Bank, 656 So.2d 1364, 1367-69 (Fla. 4th DCA 1995); see also Fla. High School Activities Ass'n v. Adderly, 574 So.2d 158, 159 (Fla. 4th DCA 1990)(equity follows the law). In the instant case, to avoid discovery into his financial condition, the husband stipulated prior to trial that he would neither plead nor prove that the wife's delay in releasing the mortgages and other collateral caused him damages or affected his liquidity so as to prevent him from mitigating the failure to provide releases of the property. Further, as the wife points out, the husband never sought enforcement of his right by petitioning the court to require the wife to deliver the releases. As no damages from the breach of the covenant were proved, there was no setoff available to the claim of interest.
The contract specifically called for the calculation of interest at the statutory rate to commence thirty days after the husband's failure to make a payment. The wife was entitled to that amount both as a matter of contract and a matter of common law principles. See Argonaut Ins., 474 So.2d at 215 (once a verdict liquidates damages on a plaintiff's pecuniary losses, the plaintiff is entitled as a matter of law to prejudgment interest from the date of the loss). The court thus erred in failing to award interest.
Likewise, the award of attorney's fees is governed by contract, and the court has no discretion to refuse to award attorney's fees and costs where required by the contract. See Lakewood on the Green Villas Ass'n v. Pomerantz, 556 So.2d 505, 506 (Fla. 4th DCA 1990). The contract called for the prevailing party to be awarded attorney's fees. Since the wife has prevailed on all of the issues in this case, she *1280 is entitled to an award of reasonable attorney's fees.
We affirm the remaining issues argued by the husband on cross-appeal.
Reversed and remanded for proceedings to award interest in accordance with the terms of the contract and reasonable attorney's fees to the wife.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] However, when he found out that she was remarrying, relations became strained and litigation ensued.
[2] The wife in fact provided all necessary releases during the suit.