800 So.2d 331 (2001)
Marcia E. MOTT, Appellant,
v.
James Lee MOTT, Appellee.
No. 2D00-739.
District Court of Appeal of Florida, Second District.
November 16, 2001.
*332 Rana Holtz of Rubinstein & Holtz, Fort Myers, for Appellant.
Linda H. Fried of Fried and Fried, Fort Myers, for Appellee.
SILBERMAN, Judge.
Marcia E. Mott appeals from the denial of her request for an award of attorneys' fees. Because the trial court did not properly apply the prevailing party fee provision contained in the marital settlement agreement and the trial court looked beyond the individual financial resources of Ms. Mott in making the fee determination, we reverse.
The Motts were divorced in 1994, and the final judgment of dissolution incorporated the terms of their marital settlement agreement. The agreement provided that Mr. Mott would pay rehabilitative alimony to Ms. Mott. It also provided that Ms. Mott was entitled to receive permanent alimony in an amount to be determined when the payment of rehabilitative alimony ended.
The marital settlement agreement contained two provisions for attorneys' fees. The first provided that "[e]ach party shall be responsible for his or her own attorneys' fees and costs of this action." The second provision, contained in the paragraph dealing with amendment and enforcement of the agreement, provided that "if the terms of this Agreement are not complied with, the non-complying party will be liable for and pay the reasonable attorneys' fees and costs incurred by the party seeking to enforce the terms of this Agreement, should that party prevail."
In 1998, Mr. Mott stopped paying alimony. He filed a supplemental petition that requested modification of the final judgment of dissolution or, alternatively, termination of his obligation to pay rehabilitative alimony. In later pleadings, he requested that the trial court terminate any obligation that he pay rehabilitative and permanent alimony. In response, Ms. Mott filed pleadings that requested a determination of the dates when rehabilitative alimony was to end and when permanent alimony was to begin, a determination of the amount of permanent periodic alimony to be paid by Mr. Mott, the enforcement of the marital settlement agreement and final judgment of dissolution, and an award of attorneys' fees.
Following a hearing, the trial court entered an amended supplemental judgment of modification. The trial court found that Mr. Mott owed to Ms. Mott unpaid alimony and prejudgment interest totaling $31,612.84, and the trial court terminated Mr. Mott's obligation for permanent alimony. Subsequently, an evidentiary hearing was held on Ms. Mott's claim for attorneys' fees. At the conclusion of the hearing, the trial court asked each party to prepare a proposed order consistent with the relief requested by that party. The trial court made no findings at the hearing and did not give any indication as to how it intended to rule.
The proposed order submitted by Mr. Mott was eventually entered by the trial court. The order contained a finding that Mr. Mott's gross income was more than double the amount of Ms. Mott's income, but noted that Ms. Mott's standard of living *333 was substantially higher than her income because of her living with and receiving benefits from another individual. The trial court concluded that Ms. Mott had the ability to pay her own attorneys' fees.
Ms. Mott raises several issues in this appeal, all arising from the denial of her request for attorneys' fees. First, she argues that the trial court erred by ignoring the prevailing party fee provision contained in the marital settlement agreement. We agree.
A marital settlement agreement is governed by contract principles. Maas v. Maas, 440 So.2d 494, 496 (Fla. 2d DCA 1983); Coe v. Abdo, 790 So.2d 1276, 1277-78 (Fla. 4th DCA 2001). Indeed, when the agreement provides for fees to be awarded to the prevailing party, the trial court is without discretion to decline to enforce that provision. Davids v. Davids, 718 So.2d 1263 (Fla. 2d DCA 1998); Rose v. Rose, 615 So.2d 203, 204 (Fla. 4th DCA 1993); Jacobson v. Jacobson, 595 So.2d 292, 294 (Fla. 5th DCA 1992).
The trial court applied the fee provision contained in the marital settlement agreement that each party was responsible for his or her own fees and costs of the dissolution action, rather than the fee provision that applied to amendment and enforcement of the agreement. The proceeding giving rise to this appeal involved both modification and enforcement issues. Therefore, the trial court erred because the fee provision dealing with amendment and enforcement of the agreement should have been applied, enabling the trial court to award fees and costs to the prevailing party and against the noncomplying party.
In the fee order, the trial court briefly summarized the rulings that it had made in the amended supplemental judgment of modification. It appears that the trial court gave little consideration to the fact that Ms. Mott prevailed on the issue of alimony arrearages owed by Mr. Mott and the fact that she successfully enforced the marital settlement agreement due to Mr. Mott's noncompliance. While the fee order mentions that Ms. Mott did not prevail as to certain demands, those demands did not arise from any noncompliance on the part of Ms. Mott with the marital settlement agreement.
Under a prevailing party attorneys' fee provision, the trial court must determine which party prevailed on the significant issues that were tried before the court. Hutchinson v. Hutchinson, 687 So.2d 912, 913 (Fla. 4th DCA 1997). In Hutchinson, the appellate court reversed the trial court's denial of fees and noted that although the husband prevailed on certain issues, the wife recovered a substantial portion of the amount that she claimed as child support and alimony arrearages. Id.
The fact that Mr. Mott succeeded in obtaining an order terminating his obligation for permanent alimony, thereby modifying the marital settlement agreement, does not alter Ms. Mott's status as the prevailing party in her enforcement action. The modification obtained by Mr. Mott was not due to any noncompliance on the part of Ms. Mott, but the substantial judgment obtained by Ms. Mott was specifically due to Mr. Mott's noncompliance with the terms of the agreement. As a result, Ms. Mott was entitled to recover her attorneys' fees and costs as the prevailing party in the enforcement action. Because the trial court did not apply the proper fee provision that was contained in the agreement, we reverse the fee order. We remand this matter to the trial court with directions that Ms. Mott be awarded that portion of her attorneys' fees and costs incurred in pursuing enforcement of Mr. Mott's alimony obligation. Davids, 718 So.2d at 1263.
In her second argument, Ms. Mott claims that the trial court improperly *334 adopted Mr. Mott's proposed fee order and that the order included a finding that was not supported by the evidence. In light of our reversal of the fee order, this issue is moot. However, we reiterate that trial courts must be cautious in using proposed judgments prepared by the parties. This is particularly true when, as occurred here, the trial court makes no oral findings and gives no instructions to the parties as to the content of the proposed judgment. See Struble v. Struble, 787 So.2d 48, 49 (Fla. 2d DCA 2001); Corporate Mgmt. Advisors, Inc. v. Boghos, 756 So.2d 246, 248 (Fla. 5th DCA 2000); White v. White, 686 So.2d 762, 763 (Fla. 5th DCA 1997).
The final issue raised by Ms. Mott is that the trial court, in determining the issue of fees based on each party's need and ability to pay, erroneously imputed to her a higher standard of living, due to her cohabitation with another individual, than would otherwise apply. We agree.
To the extent that on remand the trial court determines that certain fees and costs are not recoverable by Ms. Mott under the prevailing party provision of the marital settlement agreement, the trial court must then consider whether those fees and costs would be recoverable by Ms. Mott under the other terms of the agreement or under section 61.16, Florida Statutes (2000). Should the trial court determine that a portion of the claim for fees and costs must be considered utilizing the provisions of section 61.16, the primary factor for the trial court to consider is the financial resources of both parties. Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997); Jacoby v. Jacoby, 763 So.2d 410, 417 (Fla. 2d DCA 2000). While other factors may also be considered, Rosen, 696 So.2d at 700, the trial court must base its determination upon the individual financial resources of the parties, not the financial assistance provided by family or friends. Azzarelli v. Pupello, 555 So.2d 1276, 1277 (Fla. 2d DCA 1989); Bromante v. Bromante, 577 So.2d 662, 663 (Fla. 1st DCA 1991). Moreover, the voluntary contributions of a live-in companion cannot be substituted for the legal obligation of a former spouse. Long v. Long, 622 So.2d 622, 624 (Fla. 2d DCA 1993).
Absent evidence that the economic change in the circumstances of Ms. Mott is permanent, the trial court must look to her financial resources in making a fee determination under section 61.16. See Bromante, 577 So.2d at 663; Long, 622 So.2d at 624. We thus conclude that the trial court erred to the extent that it refused to award fees and costs to Ms. Mott in reliance on the standard of living provided by her companion.
For the foregoing reasons, we reverse the order denying attorneys' fees and costs and remand with directions.
Reversed and remanded.
GREEN, A.C.J., and STRINGER, J., Concur.