837 So.2d 549 (2003)
Adele ZAKIAN, Appellant,
v.
Charles ZAKIAN, Appellee.
No. 4D02-1025.
District Court of Appeal of Florida, Fourth District.
February 12, 2003.
Scott Kramer and Thomas J. Ali of Kramer, Ali, Fleck, Carothers, Hughes, Gelb & Bornstein, Jupiter, for appellant.
*550 Kellie J. Killebrew, Riviera Beach, for appellee.
FARMER, J.
We affirm the trial court's resolution of the underlying dispute as to health care expenses. The record supports the trial court's finding that the former husband "has provided the most equivalent health insurance coverage available to the former wife and has paid all premiums." We therefore write further only to address the issue of attorney's fees.
In their 1995 divorce, the Zakians entered into a settlement agreement with the following provision:
"Should either party fail to abide by the terms of this Agreement, the defaulting party will indemnify the other for all reasonable expenses and costs including attorney's fees incurred in the enforcement of this Agreement."
This agreement was incorporated into the final judgment. The issue is whether the former wife is entitled to the full amount of the attorney's fees she incurred in connection with this proceeding.
As we recently said in regard to a similar attorney's fee agreement: "It is well settled that a marital settlement agreement is to be interpreted like any other contract and is construed as a matter of law." Coe v. Abdo, 790 So.2d 1276, 1279 (Fla. 4th DCA 2001). The former wife argues that basically this provision is indistinguishable from an ordinary "prevailing party" attorney fee agreement and should be so construed. Alternatively, she argues that she should be entitled to all of her fees under section 61.16. See § 61.16, Fla. Stat. (2001). We disagree.
We do not read this particular provision to base entitlement to fees on whether the party prevailed, although the party would have to successfully enforce performance against the defaulting party. Here the parties' agreement tied the contractual obligation to pay fees to whether one of them has "defaulted" on a duty or obligation arising under their settlement agreement. The record shows that the former husband withheld payment of certain health care expenses because he thought he was being "overbilled" for the amount he was actually obligated to pay under their agreement. The former wife brought proceedings in court to enforce the health care expense obligation. At some point while the proceeding was pending he delivered a check in full payment to his attorney, but the attorney did not pay the disputed expenses until the very day of the "trial" on the enforcement claim. In short, the former husband defaulted by not paying certain health care expenses, and the former wife was forced to prosecute this enforcement action through a trial on her claim.
Now, it is true that the former wife took the position in the enforcement proceeding that more was due than the amount the former husband said was overpaid. In other words, she attempted to have their settlement agreement interpreted so as to force her ex-spouse to pay more health care expenses than the court ultimately concluded the parties had agreed he should pay. It is also true that the attorney fee provision in the settlement agreement limits the obligation to "all reasonable... attorney's fees incurred in the enforcement" of the agreement. Hence, we agree with him that in no event should he be forced under their agreement to pay attorney's fees relating to her unsuccessful attempt to have the health expense provision read more broadly. Nevertheless, she is entitled to "all reasonable attorney's fees incurred in enforcing" the obligation to pay the expenses the former husband withheld. For the same reasons, we reject *551 the former husband's cross appeal that he should be relieved of paying any fees because the former wife is as able as he to pay her own fees. Even if the record supported his argument as to her ability to pay, we conclude that fees in this case could be awarded only under the agreement, not under section 61.16.
In awarding fees, the trial court relied on the general master's finding that "the former wife incurred attorney's fees for this action totaling $750 (3.0 hours at $250 per hour)." The trial court then added that "the former husband has a greater ability to pay attorney's fees than does the former wife." This last sentence rather strongly implies that the court made the award of fees under section 61.16 rather than under the parties' settlement agreement. Whether the court would have awarded a different amount if it thought that fees were governed by the agreement rather than the statute is unknowable, as the parties have done nothing to address the matter.
In the end, we cannot say that the former wife has shown prejudicial error in the attorney's fee award. While the record may support her argument that the fee award should have been based solely on the agreement, she has failed to show that this legal error as to the source of entitlement to fees resulted in a smaller award than would have resulted if the proper basis had been stated. In either instance, the former wife was still entitled only to fees incurred for enforcing her legal entitlement to the former husband's default as to certain health care expenses. Even if section 61.16 might in general allow a trial court to award fees for a failed effort to modify a health care expense obligation, the amount actually awarded suggests that in this instance the court limited fees to only those reasonably incurred to enforce the obligation found to be actually due. We cannot say that this outcome offends the provision under which fees are properly awarded.
AFFIRMED.
KLEIN, J., and LEVIN, STEVEN J., Associate Judge, concur.