935 So.2d 607 (2006)
John ULBRICH, Appellant,
v.
Christina COOLIDGE, Appellee.
No. 4D05-4328.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
Law Offices of Leinoff & Lemos, P.A., and Cynthia L. Greene of Greene Smith McMillan, P.A., Miami, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant, John Ulbrich, appeals a non-final order entered in favor of Appellee, Christina Coolidge, in a post-judgment enforcement proceeding. The parties were previously married and their divorce was made final on March 30, 1998. The final *608 judgment of dissolution ratified a previously entered Marital Settlement Agreement, which is the basis for the action below. The Agreement contained a provision that in the event either party would have to take action to enforce the Agreement, the prevailing party would recover attorney's fees. Despite this provision, the trial court awarded Coolidge $17,470.00 in interim fees and costs prior to trial, pursuant to section 61.16, Florida Statutes. We hold that the trial court abused its discretion in not applying the prevailing party provision found in the Agreement, and reverse.
"Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced." Lashkajani v. Lashkajani, 911 So.2d 1154, 1158 (Fla.2005). "It is well settled that a marital settlement agreement is to be interpreted like any other contract and is construed as a matter of law." Coe v. Abdo, 790 So.2d 1276, 1279 (Fla. 4th DCA 2001). "Trial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith." Id. Further, in cases involving a marital settlement agreement with a prevailing party provision, section 61.16, Florida Statutes, cannot be used as a basis for an award of attorney's fees. See Zakian v. Zakian, 837 So.2d 549, 551 (Fla. 4th DCA 2003); Dean v. Dean, 655 So.2d 243, 244 (Fla. 3d DCA 1995).
In this case, the Agreement provided that Ulbrich would pay Coolidge equitable distribution in the annual sum of $62,500.00 for eight (8) years. These payments were conditioned on Ulbrich's continued visitation with his stepdaughter, Nicole. Ulbrich did not maintain the payments, and Coolidge brought an action to enforce the agreement. Ulbrich alleged that he had stopped paying because Coolidge had denied him access to Nicole. Coolidge filed a motion for interim fees and costs, and Ulbrich filed a motion in opposition, asserting that the prevailing party provision in the Agreement should be enforced. At a hearing on the motion, Coolidge asserted that she had sole parental responsibility for Nicole, and that Ulbrich was using "the court system to starve her out." Coolidge asserted that the $62,000.00 was used to maintain Nicole's life-style. The trial court stated:
My concern right now would be whether or not the former wife can meet her own interim fees, and then defer on the issue after there is a trial on the substantive issue and then determine the rights of the child, because what you are arguing over are basically the rights of the child, and I won't know that until I have a full trial. So my concern at this hearing is whether or not there's prejudice to mom being able to promote the interest of the child on an interim basis to pay this amount of interim fees.
The trial court awarded Coolidge interim fees, specifically relying on this court's decision in Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986) (en banc) (holding that a heavier burden cannot be placed on a party seeking upward modification of child support due to the presence of a settlement agreement).
In Bernstein, in which a party was seeking upward modification of child support, the trial court held, among other things, that in cases involving a Settlement Agreement with a prevailing attorney's fees clause, it had no discretion to consider whether an award of attorney's fees would be warranted. Id. at 1274. This court reversed and remanded to the trial court with instructions that it reconsider the application for attorney's fees. Id. "The point of Bernstein is that if the parents cannot contract away a court's ability to *609 act in the best interest of their child, then they cannot contract away one party's ability to obtain an advocate to see that the full story is developed in a child related proceeding." Engelsen v. Landers, 699 So.2d 1031 (Fla. 4th DCA 1997).
We find that the trial court erred in its application of Bernstein to the instant case. In the instant case, the parties did not contract away their right to obtain an advocate, nor was a heavier burden of proof being imposed on either party. Further, this case does not involve a "child related proceeding" in the Engelsen sense of the phrase. Both parties were seeking enforcement of the original Agreement, and this court has previously upheld the application of prevailing party provisions in enforcement proceedings, even in proceedings to enforce the payment of child support, a much clearer instance of a "child related case." See Hutchinson v. Hutchinson, 687 So.2d 912, 913 (Fla. 4th DCA 1997) (trial court erred in not awarding attorney's fees to former wife who brought an enforcement action seeking child support arrearages).
Based on the above, we find the trial court abused its discretion in not applying the prevailing party provision found in the Agreement, and in awarding interim fees to Coolidge, and reverse.
STONE, POLEN and FARMER, JJ., concur.