973 So.2d 1171 (2007)
Theodore A. AVELLONE, Appellant,
v.
Susan E. AVELLONE n/k/a Susan E. Rice, Appellee.
No. 1D06-5219.
District Court of Appeal of Florida, First District.
October 15, 2007.
Rehearing Denied November 20, 2007.
Theodore A. Avellone, pro se, Appellant.
Joshua D. Zelman, Patricia M. Durst, and Susan Harnden of Durst, Hamden & Zelman, PL, Tallahassee, for Appellee.
PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), we review the trial court's Order on Clarification of Attorney's Fees. In Avellone v. Avellone, 951 So.2d 80 (Fla. 1st DCA 2007), we affirmed the trial court's order denying the motion for contempt and to enforce the Marital Settlement Agreement filed by the former husband and granted the former wife's motion for appellate attorney's fees. The trial court found that fifty hours was a reasonable amount of time to spend representing the former wife on appeal and that $200 per hour was a reasonable hourly fee, for a total reasonable fee of $10,000. The trial court then subtracted the $4,000 retainer paid by the former wife from the $10,000 and ordered that the former husband pay the sum of $6,000 to the former wife's attorney. The former wife sought review of the order. Because we were unable to *1172 discern from the face of the trial court's order why it deducted the $4,000 retainer, we reversed the order and remanded for further proceedings. See Avellone v. Avellone, 960 So.2d 910 (Fla. 1st DCA 2007). On remand, the trial court found that the former wife had the ability to pay the $4,000 retainer, notwithstanding the fact that she was the prevailing party. The former wife has now sought review of this order,
The parties' Marital Settlement Agreement provides in part, "In the event either party to this agreement incurs attorney's fees and costs, in the enforcement of obligations created by this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and costs." Notwithstanding the fact that the trial court found $10,000 to be a reasonable fee for the services of the former wife's counsel on appeal, it determined that the former wife was entitled to only $6,000 based on her ability to pay the $4,000 retainer. This was error. Although section 61.16(1), Florida Statutes (2006), provides that a court may, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees to the other party in dissolution of marriage, support, and custody cases, this statute and its focus on the parties' financial resources is irrelevant in this case given the parties' agreement. See Ulbrich v. Coolidge, 935 So.2d 607, 608 (Fla. 4th DCA 2006) ("[I]n cases involving a marital settlement agreement with a prevailing party provision, section 61.16 . . . cannot be used as a basis for an award of attorney's fees."); Dean v. Dean, 655 So.2d 243, 244 (Fla. 3d DCA 1995) ("We agree with the husband that the right to attorney's fees is governed only by the contract and that section 61.16 . . . and the conditions to an award under that statute are therefore irrelevant."); see also Mott v. Mott, 800 So.2d 331,334 (Fla. 2d DCA 2001) ("To the extent that on remand the trial court determines that certain fees and costs are not recoverable by Ms. Mott under the prevailing party provision of the marital settlement agreement, the trial court must then consider whether those fees and costs would be recoverable . . . under the other terms of the agreement or under section 61.16. . . . ").
Accordingly, we reverse the trial court's Order on Clarification of Attorney's Fees and remand with instructions to award the former wife $10,000 in appellate' attorney's fees pursuant to the Marital Settlement Agreement. We deny the former wife's request for attorney's fees for litigating the amount of fees.
REVERSED and REMANDED with instructions.
DAVIS, PADOVANO, and HAWKES, JJ., concur.