PER CURIAM.
Alexander F. Vitale appeals an award of attorney’s fees to his former wife, Anne Vitale n/k/a Anne Mitchell, arising from post-dissolution proceedings. We affirm the award of attorney’s fees to the former wife following the former husband’s notice of voluntary dismissal of his Amended Supplemental Petition for Modification, but reverse the award of attorney’s fees to the former wife following denial of the former husband’s Emergency Motion for Christmas Visitation.
On July 16, 2003 the parties entered into a mediated marital settlement agreement. At that time their two minor daughters were nine and seven years old. The settlement agreement provided a visitation schedule to accommodate the fact that the former husband was living in Collier County and the former wife and the children were living in Broward County. It also established the former husband’s child support obligation and resolved a host of other marital property issues. With respect to attorney’s fees for the agreement, it provided that each party would be responsible for his or her own attorney’s fees, suit monies and costs. However, for later enforcement the agreement provided for fees for the prevailing party. Paragraph 30 of the agreement states:
DEFAULT: In the event of a breach of this Agreement by either party, the prevailing party shall be entitled to reasonable attorney’s fees and court costs.
*972 The parties were divorced by partial final judgment of dissolution dated April 7, 2004. The partial final judgment incorporated the parties’ Mediated Marital Settlement Agreement, dated July 16, 2003. It further stated that the trial court reserved jurisdiction to resolve all issues not settled under the Settlement Agreement, “including the issue of permanent designation of primary residential parent, relocation of minor children and child support, currently set for final hearing on April 21, 2004 and April 22, 2004.” The partial final judgment also reserved jurisdiction to enforce the terms of the parties’ settlement agreement and grant other relief in the best interests of the children.
On April 21, 2004, the Broward Circuit court denied the former husband’s motion to change venue.
On May 25, 2004, the trial court entered a final judgment incorporating a second mediation agreement dated May 25, 2004. The final judgment stated, “The Partial Final Judgment previously entered on April 7, 2004 and prior Agreement is also incorporated herein by reference as if fully set forth herein.” As did the July 16, 2003 settlement agreement, the second mediated agreement provided that each party would be responsible for attorney’s fees and costs incurred in connection with this action.
On September 8, 2005, the Former Husband filed “Former Husband’s Supplemental Petition for Modification of Final Judgment.” The petition sought: 1) custody of the children; 2) alternatively, to modify the existing provisions for visitation and child support to prohibit interference with his visitation by former wife and her husband; 3) appointment of a guardian ad litem to represent the interests of the children; and 4) recovery of money advanced by the former husband on behalf of the former wife for the children’s airfares.
On November 21, 2005, the former husband filed an “Emergency Motion Regarding Christmas Visitation.” The motion sought to require the former wife to take the children out of school for their Christmas vacation a day early so that they could visit with their aunt and cousins (who were flying in from Los Angeles for one day) before they flew to Boston for the remainder of their Christmas holiday.
On December 9, 2005, the trial court entered an order which denied the former husband’s emergency motion regarding Christmas visitation. The order stated, “The former wife is entitled to attorney’s fees and costs for these motions and the court reserves jurisdiction to determine.”
On February 27, 2006, the former husband filed an amended supplemental petition to modify custody, or visitation, and for other relief.
On May 9, 2006, the former husband filed a Notice of Voluntary Dismissal of his petitions. The former wife filed her “Motion for Attorney’s Fees and Costs Following Former Husband’s Notice of Voluntary Dismissal.” The former wife amended her motion for fees to include fees relating to the holiday visitation issue, and on August 24, 2007, filed her Amended Motion for Attorney’s Fees and Costs Following Former Husband’s May 9, 2006 Notice of Voluntary Dismissal and Pursuant to December 9, 2005 Order Reserving Jurisdiction to Determine Amount of Attorney’s Fees as to Holiday Visitation. The rulings on these motions are the subject matter of this appeal.
The Former Wife sought attorney’s fees and costs pursuant to the terms of the Mediated Marital Settlement Agreement and “pursuant to Rule 12.420(b), Florida Family Law Rules of Procedure, rules 1.420 and 1.420(d), Florida Rules of Civil Procedure, § 61.16, Florida Statutes, Ro *973 sen v. Rosen, 696 So.2d 697 (Fla.1997), and other applicable rules and Florida case law.”
On September 21, 2007, the Broward Circuit court heard the former wife’s attorney’s fee motion. At that hearing, billing records for the wife’s attorney were entered into evidence without objection. An Agreed Order was entered, stating, “The attorneys and the parties have agreed that to conclude this hearing and the subject matter thereof, the parties shall submit information to the Court by memorandum, exhibits, and any additional argument without the necessity of an additional hearing. The parties have agreed that they shall submit this information on or before April 25, 2008.”
On August 13, 2008, after noting the December 2005 ruling that the former wife was entitled to attorney’s fees as to the former husband’s holiday visitation motion, the trial court entered an order determining the amount to be $2,871.25. This amount was based on testimony as to the number of hours expended (9.3 attorney hours and 0.65 legal assistant hours) at hourly rates of $300 and $125 per hour, respectively. The court indicated in con-clusory fashion that it had “considered all the factors under Fla. Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985).”
On that same date, the trial court entered its “Order Granting Attorney’s Fees and Costs Following Former Husband’s May 9, 2006 Notice of Voluntary Dismissal.” The trial court awarded $10,796.25 in attorney’s fees and costs, stating:
The Court finds based upon the Memorandum of Law in Support of the Former Wife’s Amended Motion for Attorney’s Fees and Costs Following Former Husband’s May 9, 2006 Notice of Voluntary Dismissal, allows this Court to assess attorney’s fees and costs for the necessity of defending this action under the case law cited therein in addition to the fact that the Court finds that the former Wife was the prevailing party and the Former Wife is entitled to attorney’s fees and costs contractually as well as statutorily and pursuant to Florida case law.
The former husband appeals both awards of attorney’s fees to the former wife. He argues that the award of attorney fees in family law proceedings must be based on the principles set forth in section 61.16, Florida Statutes (2008), and Rosen v. Rosen, 696 So.2d 697 (Fla.1997). These require that an award of attorney fees be based on a showing of need and ability to pay after consideration of the parties’ relative financial positions. In this case, he argues, there was no evidence presented as to the parties’ financial positions and ability to pay.
“[I]n cases involving a marital settlement agreement with a prevailing party provision, section 61.16, Florida Statutes, cannot be used as a basis for an award of attorney’s fees.” Ulbrich v. Coolidge, 935 So.2d 607, 608 (Fla. 4th DCA 2006) (citing Zakian v. Zakian, 837 So.2d 549, 551 (Fla. 4th DCA 2003); Dean v. Dean, 655 So.2d 243, 244 (Fla. 3d DCA 1995)). Instead, the provisions in the marital settlement agreement awarding attorney’s fees are generally enforced. Id. In this case, under the terms of the attorney’s fee provisions incorporated into the final judgment, the prevailing party standard applies, and it is applicable only to actions brought in the event of a breach of the agreement. As to the former husband’s petition for modification of the Christmas holiday visitation, neither party was claiming a default or breach of the agreement. The former husband was merely seeking a one-day modification of the agreement to accommodate his holiday schedule. Thus, *974 after denying the petition, the trial court erred in using the prevailing party standard to award the former wife attorney’s fees for the holiday visitation petition, rather than the general family law standard. See Harrison v. Gattozzi, 992 So.2d 865, 866 (Fla. 5th DCA 2008) (stating that the prevailing party attorney fee provision of the marital settlement agreement was “applicable only to actions to enforce the marital settlement agreement,” not to the father’s attempts to modify the agreement). We, therefore, reverse the attorney’s fees awarded the former wife for the holiday modification petition because the trial court did not determine entitlement to fees based on a showing of need and ability to pay, as required by the general family law standard.
We affirm, however, the prevailing party attorney’s fees awarded to the former wife following the former husband’s voluntary dismissal of his amended supplemental petition, because the petition sought relief based on claims of default and breach of the agreement, primarily regarding relocation and visitation. See Indemnity Ins. Co. of North America v. Chambers, 732 So.2d 1141, 1143 (Fla. 4th DCA 1999)(In a voluntary dismissal, the trial court has jurisdiction to award attorney fees as costs to the prevailing party where authorized by a contract between the parties).

Affirmed in part; Reversed in part.

TAYLOR, GERBER and LEVINE, JJ., concur.